Francisco Cruz PALACIOS, Appellant,

v.

GOVERNMENT OF GUAM, Appellee.

No. 18722.

United States Court of Appeals Ninth Circuit.

Dec. 23, 1963.

---

E. S. Terlaje, Agana, Guam, for appellant.

Harold W. Burnett, Atty. Gen. of Guam, Richard D. Magee, Deputy Atty. Gen., and John P. Raker, Asst. Atty. Gen., Agana, Guam, for appellee.

Before BARNES, MERRILL and DUNIWAY, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from the District Court of Guam. Appellant was convicted by a jury of forgery and uttering a forged instrument. His codefendant, William Hara, turned state's evidence and testified against him.

Jurisdiction existed below (§§ 470 and 680, Penal Code of Guam; §§ 62 and 82, Guam Code of Civ.Proc.; 48 U.S.C. § 1424(a)). Jurisdiction of the appeal lies here (28 U.S.C. § 1294(4) Supp. III, 1958 Ed.).

There are ten errors urged as requiring reversal. They may be classified as follows:

1. Error in admission of evidence
 (a) of the oral confession (point 2)
 (b) of hearsay (point 8).
2. Insufficiency of the evidence (points 1, 7).
3. Error in instructions
 (a) with respect to corroboration of accomplices' testimony (point 3)
 (b) with respect to corroboration of oral confession (point 4).
4. Lack of proper representation by counsel (point 5).
5. Error in permitting the jury to deliberate in the law library (point 6).
6. Error in refusing to grant a new trial.

We note that appellant's present counsel makes a drastic and vehement attack

on the conduct of appellant's previous counsel in the trial below.[1]

We next note that appellant's counsel on appeal has caused his client's case to be placed in jeopardy, and subject to dismissal, by reason of his failure to comply with the following rules of this court:

(1) There exists no statement of jurisdiction in the court below. (Rule 18 (b))

(2) The official reports are not cited, a violation of Rule 18(a).

(3) The "grounds urged at the trial for the admission or rejection of evidence" are not "quoted." (Rule 18(d))

(4) Neither the instructions objected to nor those refused are set forth in "totidem verbis." (Rule 18(d))

(5) The grounds of objection to such instructions, urged at the trial, are not set forth.

1. In appellant's counsel's language: There was "lack of preparation, failure to appreciate the issues of the case, * * * failure to interpose proper objections, the introduction of improper evidence and lack of knowledge of trial procedures."

2. On direct he testified (Tr. vol. II, p. 41, line 2 to p. 42, line 20):
"A. Mr. Palacios stated that he endorsed the check as Juan Cruz and the other name that appears on the back of the check, Jose D. Cruz, was endorsed by William Hara, a resident of Sinajana; that he took the check to the Bank of America and cashed it.
"Q. (By Mr. Baker) Did Palacios say anything about anybody encouraging Hara to make the endorsement, Jose D. Cruz, upon the back of the check?
"THE COURT: That question is objectionable. That is leading the witness. You are on very sensitive ground here when we deal with oral statements.
"Q. (By Mr. Baker) What did Palacios say concerning the circumstances surrounding the signature of, signature, Jose D. Cruz, appearing upon the back of the check?
"A. He say that he asked Hara if he can help him out and Hara says 'It all depends if I can do it.' At this time Palacios say that if he can sign the back of the check and Hara did sign Jose D. Cruz.
"Q. Did Palacios tell you why he did this?
"A. Yes, sir.

(6) No reference to the pages in the transcript where such material exists is made. (Rule 18(e))

(7) In support of point 5 above (appellant's point 6) appellant seeks to amplify the record before us by moving to include facts outside the record made below. This we cannot do, and that motion is denied.

# I

## THE CONFESSION

Lieutenant Taitano, of the Guam Territorial Police Force, testified as to defendant's confessing the crime charged (Tr. vol. II, p. 38, line 26 to p. 47, line 17).[2] This confession, as the trial court rules, corroborated the testimony of the accomplice, Hara; and the testimony and written statement of Hara (Def.Ex.H)

"Q. And what reason did he give you?
"A. He say that he was behind in car payments.
"Q. And at the time you questioned Palacios, if you know, where was he employed?
"A. He was employed as a public safety patrolman for the Government of Guam.
"Q. Now in connection with this statement made by Palacios, were any promises of leniency or reward made?
"A. No, sir.
"Q. Were any threats or force used toward him?
"A. No, sir.
"Q. Is the person you described as Palacios in this room?
"A. Yes, sir.
"Q. Will you point to him, if you are able?
"A. The one in the red shirt.
"MR. BAKER: May the record show the witness indicated the defendant, Palacios.
"THE COURT: The record will so show.
"Q. (By Mr. Baker) Did Palacios make a written statement?
"A. No, sir.
"Q. Did he state any reason why he did not wish to give a written statement?
"A. Yes, sir.
"Q. What was that reason?
"A. He said he wanted to see his lawyer."

corroborated the *facts* recited in the alleged oral conversation (whether admission or confession) between Taitano and appellant. Appellant cites valid law, i. e., that the confession must be voluntarily made (Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941)) and competent (Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954)), and corroboration must exist as to the trustworthiness of the confession—not corroboration of the fact the confession was made. (Cash v. United States, D.C.Cir.1959, 105 U.S.App.D.C. 154, 265 F.2d 346, cert. den. 359 U.S. 973, 79 S.Ct. 892, 3 L.Ed.2d 841.) But none of these cases cited reach the fact that corroboration did exist in the record before us—both of the so-called "confession" to Taitano and of Hara's testimony.

■ In reading appellant's brief, we find we first need to accurately define what "corroboration" means. We know "that such corroborating evidence must connect or *tend to connect* the accused with the commission of the crime with which he is charged." (Emphasis supplied.) Ing. v. United States, 9 Cir. 1960, 278 F.2d 362, 367. See also 23 C.J.S. Criminal Law § 812(2), p. 100. The evidence must be more than a mere showing defendant had an opportunity to commit the crime, or connect him with individuals known to have committed it, but must connect or *tend to connect* defendant with the commission of the crime itself.

Here in evidence was the check (plaintiff's Ex. 1); the issuer testified it would in the ordinary course of the maker's business physically come into the defendant's hands; defendant was the only messenger or courier handling checks; the testimony of the payee was he had not received it or endorsed it; the testimony of Hara was that he had endorsed the payee's name at the defendant's request and that the defendant had placed the second endorsement thereon and had cashed the check at the Bank of America; the testimony of a bank teller from the Bank of America was he had paid the check on the specified date; the testimony of Taitano was that both Hara and defendant had admitted to him that the defendant had cashed the check; the written, signed statement of Hara given to Officers Roberto and Manana was introduced by defendant (after calling Taitano as his own witness); the defendant introduced exemplars in his own handwriting of the forged signature "Juan Cruz," which the jury could compare with the "Juan Cruz" on the forged check.

■ The court ruled, both at the conclusion of the government's evidence and at the end of the case, that there existed sufficient corroborative evidence tending to connect defendant with the forgery and uttering to make a case for the jury's determination. The check, with the testimony concerning it, was alone enough to corroborate the confession. In connection with the second of such rulings the trial judge aptly stated (Tr. vol. II, p. 111, line 5 to line 26):

"THE COURT: Now at the conclusion of the Government's case, the Court obtained agreement that Mr. Hara is an accomplice.

"MR. GROVER: Yes, sir.

"THE COURT: That, therefore, his uncorroborated testimony is not sufficient upon which to convict.

"MR. GROVER: Yes, sir.

"THE COURT: The Court then considered that Mr. Taitano, Lieutenant Taitano testified that this defendant had admitted to him that he had endorsed the name, Juan Cruz, and had cashed this check.

"MR. GROVER: I see.

"THE COURT: Now that raises, of course, a sufficient corroboration to go to the jury at that time. Now since that time you have made Taitano your witness, you have introduced in evidence Hara's statement and we now, of course, have these signatures which the jury can compare to determine whether they are of any assistance to them. So at the conclusion of the, of your evidence

it would seem to me that there would be a greater basis upon which the jury could find corroboration then [sic] when the Government rested yesterday.

"MR. GROVER: I appreciate that, your Honor, but I had to—

"THE COURT: So I will deny your motion."

Appellant raises the query in his brief (p. 14) (with reference to the oral confession and the testimony of the accomplice), can each corroborate the other? He makes no attempt to answer that question or to cite cases to support the alleged rule that they cannot, and we need not, because, as recited above, other corroborative evidence existed, amply sufficient in our opinion to make out a question for the jury.

## II

### ERRORS IN INSTRUCTION

We comment elsewhere herein with respect to the failure of defendant to set forth verbatim in his brief (a) the instructions he claims are erroneous, (b) the instructions he claims should have been given, and (c) the grounds of objection urged at the trial. Thus there is a complete failure to follow the rules of this court, which alone means this court is under no obligation to consider the point urged. The appellant merely concludes "the instructions were inadequate." He does not state how or why. We have read the instructions given (Tr. vol. I, Document 17, pp. 4 to 20, inclusive) and find them completely adequate, in the absence of any objection at the trial.

There was no objection. At the conclusion of the instructions the following took place: (Supp. Record, vol. I, p. 20, line 24 to p. 21, line 8).

"Counsel please come forward.

"(At the bench, out of hearing of the jury):

"THE COURT: Government may take exceptions to my instructions.

"MR. BAKER: Satisfied.

"THE COURT: The Government has no exceptions. The defense may take exception to any instruction given and offer any additional instructions.

"MR. GROVER: Well, right at the present moment I have none, your Honor.

"THE COURT: The defense has no exceptions or recommendations. Very well, gentlemen, thank you."

An additional instruction was given when, after some jury deliberation, the jury could not agree, and again both sides approved. (Tr. vol. I, Doc. 17, p. 23, line 14 to line 17.)

This error alleged as to instructions is completely without merit.

## III

### INADEQUATE ASSISTANCE OF COUNSEL

(Defendant's Points 5 and 10)

These points (admittedly difficult from appellant's viewpoint) are likewise without merit. We have read the entire transcript. Appellant's trial counsel's conduct of the trial was no brilliant example of trial tactics; yet the trial judge was unusually careful to aid him, both in the framing of questions and in the latitude of his rulings favoring the defendant.[3]

We take judicial notice that the bar of Guam does not compare in size with that of many other communities, and, without in any way reflecting upon the capabilities of its many outstanding attorneys, realize that in any community there are lawyers and lawyers—some more able than others.

We also note that this was retained, not appointed, counsel. The trial judge, in a difficult position in view of counsel's apparent inexperience, conducted the trial in a fair and impartial manner, aiding the defendant's counsel in many ways. Every lawyer tries his

3. For example: Tr. vol. II, pp. 77 and 78; Tr. vol. II, pp. 85 and 86; Tr. vol. II, pp. 57–60.

cases differently—it is not unknown for the smartest of attorneys to play the fool before a jury in an attempt to thus gain its sympathy for his client. This is frequently done when no other defense is available. Whether this was or was not the trial stategy of this case we do not, and need not, know.

## IV

### JURY'S DELIBERATION IN LAW LIBRARY

 The jury deliberated in the law library located in Guam's temporary court house. No charge is raised that any member of the jury consulted a law book.[4] Defendant urges, however, that this is not important; the jury had an opportunity to do so and they should have been instructed not to use law books, if they were required to use that space for their deliberations.

We agree. They should have been so instructed. This would have been a wise precaution. Defendant could have asked for such an instruction. He did not. No such instruction was requested or rejected. No case is cited to support appellant's point. We find harmless error under the circumstances of this case.

## V

### FAILURE TO DISMISS

From what has been heretofore stated, we find no error existed in failure to dismiss, either at the close of the government's evidence or the close of the case. (Tr. vol. II, pp. 48–49, 111)

## VI

### HEARSAY EVIDENCE, etc.

Again, appellant's counsel on appeal fails to follow this court's rules in his attempt to raise this point. (Rule 18(d)) We have carefully examined his argument and the one case he cites (Brief, pp. 33 and 34). There was no foundation laid at the trial by a proper or any objection for the points now raised. The case cited is not in point. We hold no reversible error existed.

## VII

### FAILURE TO GRANT A NEW TRIAL

This is actually a rehash of appellant's other points. No cases are cited. None need be cited here to hold no error existed in the trial court's refusal to grant a new trial.

Finding no error, we affirm.

---

4. "Specifically, appellant is not accusing the jury or any juror individually of doing any improper act." (Brief pp. 28, 29)