**Steven David RODRIQUEZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22987.**

United States Court of Appeals Ninth Circuit.

Jan. 28, 1969.

Lincoln Mintz, Oakland, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Harvey L. Ziff, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLIN, MERRILL and BROWNING, Circuit Judges.

HAMLIN, Circuit Judge:

Steven David Rodriquez, appellant herein, was convicted in a non-jury trial in the United States District Court for the Northern District of California of a violation of 18 U.S.C. § 2113(a) (robbery of a federally-insured bank). Rodriquez did not enter the bank during the robbery; his conviction rested on the fact that he drove the getaway car after two other persons had robbed the bank.

This court has jurisdiction of his timely appeal under 28 U.S.C. § 1291.

At the trial the confession of appellant as to his participation in the robbery was admitted into evidence. No question is raised by appellant as to the voluntary nature of this confession, nor as to the propriety of the admission of the confession in evidence. Appellant's sole contention on appeal is that the government introduced no evidence which sufficiently or at all corroborated appellant's confession, and that therefore his conviction can not stand. We affirm the conviction.

We shall summarize the evidence introduced at the trial. The Telegraph Avenue Branch of the American Savings and Loan Association in Oakland was robbed by two men on December 13, 1967. After the robbery the bank manager ran after the two men and saw them enter a parking lot adjacent to the bank. He then lost sight of them. At the same time a Mr. Colvin, who worked in a nursery adjacent to the bank, saw two men walking rapidly by him, one of them carrying a newspaper and a brown bag. He was not able to identify them because at the time he saw their faces he did not know that a robbery had occurred and he took no particular notice of them. However, he did see a car parked just out of the driveway and saw the man in the car open both the front and the back door of the car. He was then about 15 or 20 feet away from the automobile. He saw the two men get in the car, one in the front seat and one in the back seat, and they each crouched down on the floor of the car. The automobile then raced away at a high rate of speed. The only thing he remembered about the driver of the car was that he was young and had blonde hair. (The appellant is blond and is 19 years old.) He was not asked to identify appellant in the courtroom. He described the automobile as a salmon or faded orange and white 1955 Buick or a Pontiac.

Appellant's written confession introduced in evidence included the following statements implicating him in the bank robbery. He said he had been asked by two men to drive a pink automobile—either an Olds or a Buick—while the two men committed a robbery. He stated that he left his apartment with the two men and drove directly to the American Savings and Loan office on Telegraph Avenue, and the two men showed him where to park. They then left the car. Appellant sat in the car and waited until they came back. One of them got in the front of the car and the other in the back. "They both ducked down." Appellant then drove away and finally came back to his apartment. Appellant stated that he had been promised ten percent of the "loot" but that they did not give it to him. When he got back to the apartment he saw the money from the robbery in paper sacks.

The appellant contends that the corroborating evidence in this case is insufficient because it failed to establish the identity of Rodriquez. The major Supreme Court cases dealing with corroboration of a confession are Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954) and Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L. Ed. 192 (1954). In Opper v. United States, supra, the Court stated 348 U.S. at page 93, 75 S.Ct. at page 164:

> "However, we think the better rule to be that the corroborative evidence need not be sufficient independent of the statements to establish the corpus delicti. It is necessary, therefore, to require the government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense."

In Smith v. United States, supra, decided the same day as *Opper*, the Court said:

> "It is sufficient if the corroboration merely fortifies the truth of the confession, without independently estab-

lishing the crime charged, * * *. ▮ne available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense 'through' the statements of the accused." 348 U.S. at page 156, 75 S.Ct. at page 199.

▮ Appellant contends that under the case of Smith v. United States, supra, the government was required to establish the identity of the perpetrator as a part of the corpus delicti. We believe that appellant's reliance on the *Smith* case is misplaced. *Smith* involved the crime of tax evasion, a crime in which there is no tangible injury which can be isolated as a corpus delicti. Smith v. United States, supra. In such a case the Supreme Court held that the corroborative evidence must implicate the accused. The Court there said that with tax evasion there was no way to show that the crime had been committed without identifying the perpetrator of the crime.

▮ However, in this case we are faced with no such situation. The crime of bank robbery can be isolated from the people who committed the crime. The injury does not become intangible merely because the appellant is waiting in the car for the robbers, and not actually inside the bank during the robbery. In the instant case we hold that the government did introduce substantial evidence to establish the trustworthiness of the appellant's confession. Government witnesses gave details of the robbery which matched those given by appellant in his confession. The identification of the driver by the witness Colvin, while not positive identification, lends additional weight to the government's case against the appellant. Colvin's statement that both men jumped into the car, one in the front seat and one in the back seat, and crouched down on the floor boards, also accords with appellant's confession. We hold that the evidence was sufficient to justify a finding of appellant's guilt beyond a reasonable doubt.

Judgment affirmed.