Winfield George **MOSSBROOK,**
**Appellant,**

v.

**UNITED STATES** of America,
**Appellee.**

No. 23437.

United States Court of Appeals
Ninth Circuit.

March 27, 1969.

R. Lamar Couser, Tucson, Ariz., for appellant.

Edward E. Davis, U. S. Atty., John Augustine, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLIN, KOELSCH and ELY, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant Mossbrook was convicted after a jury trial in the District Court for the District of Arizona. He was indicted for and convicted of a violation of 18 U.S.C. § 2312 (transportation of a stolen automobile in interstate commerce knowing it to have been stolen). Mossbrook, 18 years old, was committed to the Youth Correction Division of the Board of Parole. This is an appeal from that conviction, over which this court has jurisdiction. 28 U.S.C. § 1291.

On July 16, 1961, an automobile owned by one Jeff Parker was stolen from its parking place in Bay City, Texas. Mr. Parker had locked the doors of the car and had taken the keys with him, but he had neglected to lock the ignition. Thus, the car could be started without the keys and without having to cross the wires. Two days later the appellant, while driving an automobile and accompanied by a hitchhiker, was stopped for a routine inspection by a quarantine inspector of the Arizona Agriculture Department. The inspector apparently became suspicious when Mossbrook was unable to produce the keys to open the trunk of the car, and the inspector notified the sheriff's department farther up the highway.

A short while later an Arizona officer stopped Mossbrook and questioned him about the car he was driving. Before questioning Mossbrook, the officer fully warned him of his *Miranda* rights, but Mossbrook said he was willing to talk to the officer. During the course of this conversation Mossbrook admitted that he had stolen the car in east Texas, and the officer testified to this statement at trial over Mossbrook's objection. The officer immediately turned Mossbrook over to the custody of an FBI agent, who on the same afternoon interviewed the appellant in the Willcox, Arizona, police department. Before this questioning began the appellant was again fully apprised of his *Miranda* rights, but again he was willing to speak to the officer. Mossbrook admitted to the FBI agent that he had stolen the car, and the agent testified to this statement at trial over Mossbrook's objection. The owner of the car, the hitchhiker, and the Agriculture inspector also testified against Mossbrook. Despite Mossbrook's exculpatory explanation of the events, he was found guilty.

■ The appellant's first contention is that the statements made by him to the police officers were erroneously admitted at his trial. He makes no claim that the *Miranda* warnings given him were inadequate; rather, he claims that

due to his age and the circumstances of his arrest, he was unable to exercise his *Miranda* rights and his statements were involuntary. There is no merit to this contention. Mossbrook had only a sixth grade education, he was eighteen years old, and both officers testified that Mossbrook appeared nervous and frightened during his questioning. However, there is no evidence that Mossbrook did not understand the officers' explanations of his *Miranda* rights. Each officer specifically asked him whether he understood the warnings he had been given, and the appellant unequivocally answered in the affirmative each time. Mossbrook conversed coherently and intelligently and gave no indication that he was not speaking out of his own free will. Nor is this a case where an admission is a product of a lengthy interrogation—the first officer interviewed Mossbrook only for fifteen minutes, and the appellant's interview with the FBI agent was brief. In view of the totality of the circumstances, we can conclude only that the appellant's admissions were voluntarily made and correctly admitted into evidence at his trial. *Cf.* Lopez v. United States, 399 F.2d 865 (9th Cir. 1968) (confession of 16-year old held admissible).

■ The appellant also contends that there was insufficient corroboration of his admissions to sustain his conviction. This contention is equally without merit. It is well established that corroborative evidence need not be sufficient alone to establish guilt beyond a reasonable doubt; it need only establish the trustworthiness of a confession. Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Rodriquez v. United States, Ninth Circuit, January 28, 1969, 407 F.2d 832. In another case arising under 18 U.S.C. § 2312, Caster v. United States, 319 F.2d 850 (5th Cir. 1963), cert. denied, 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973, the court held that the corroborative evidence met the above standard where it showed that the

car was stolen in one state and recovered in the defendant's possession in another state; the corroborative evidence did not have to connect the defendant with the crime. Here, the government certainly introduced sufficient evidence to corroborate Mossbrook's confession and establish the trustworthiness of his statements. The government showed that the car had been stolen in Texas; that the appellant had picked up a hitchhiker in the stolen car in Texas; that the appellant had driven the car into Arizona; that the appellant did not have the keys to the car; and that the car was the same one which belonged to and had been stolen from Jeff Parker. The corroborating evidence was clearly sufficient to support the conviction.

We find no errors in the proceedings, and the conviction is affirmed.