**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Valire Leon MATHEWS, Defendant-Appellant.**

**No. 23561.**

United States Court of Appeals, Ninth Circuit.

June 25, 1970.

William James Wood (argued), Berkeley, Cal., for dafendant-appellant.

Michael J. Lightfoot, Asst. U. S. Atty. (argued), William M. Byrne, Jr., U. S. Atty., Larry S. Flax, Asst. U. S. Atty., Robert L. Brosio, Chief, Criminal Division, Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, DUNIWAY and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This appeal is from a conviction of transporting a stolen money order in interstate commerce, 18 U.S.C. § 2314. The only substantial issue is whether appellant's confession was properly corroborated. We affirm.

On January 4, 1967, a blank money order was stolen from a supermarket in Long Beach, California. In early March, 1967, appellant presented it at a liquor store in Los Angeles and received $75.-00 in exchange. The money order was made payable to appellant and endorsed by him. The document was sent through banking channels to American Express Co. offices in New York.

Appellant concedes that the proof against him was sufficient to show all elements of the offense except knowledge

that the money order was stolen. Knowledge is, of course, an essential element of the offense, as the government admits.

To show knowledge, the government introduced evidence of statements made by appellant to Agent White of the F.B.I. The agent testified that he had arrested appellant and given him the *Miranda* warnings. As the two of them were getting into an elevator at the Federal Courthouse in Los Angeles, appellant said, "It's my money order; I knew it was hot." He also offered to make restitution on the stolen order.

Since Mathews had been warned of his rights, his statements were properly admitted. But of course a confession will not support a finding that the fact confessed is true unless there is independent corroborating evidence. Smith v. United States, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954); Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954); Mossbrook v. United States, 409 F.2d 503 (9th Cir. 1969). Hence the trier of fact was not entitled to find knowledge on the basis of appellant's confession unless there is other evidence of knowledge in the record. The corroborating evidence, of course, may be circumstantial rather than direct.

In the case before us, there was evidence that the money order had been stolen, and that it was in defendant's possession. But it is settled that possession of recently stolen property permits the trier of fact to infer that the possessor knew it was stolen. Morandy v. United States, 170 F.2d 5 (9th Cir. 1948); Travers v. United States, 118 U.S.App.D.C. 276, 335 F.2d 698 (1964). The interval between the theft and the time when appellant's possession was shown was two months, no longer than in the *Morandy* or *Travers* cases. *Cf.* Jenkins v. United States, 361 F.2d 615 (10th Cir. 1966); Real v. United States, 326 F.2d 441 (10th Cir. 1963). The trier of fact was thus authorized to infer

knowledge, and the fact thus inferred was sufficient to corroborate appellant's confession.

Affirmed.