**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert Dean BEGAY, Jr., Defendant-
Appellant.**

**No. 254–70.**

United States Court of Appeals,
Tenth Circuit.

May 14, 1971.

Oreste L. Puccini, Jr., Albuquerque, N. M., for defendant-appellant.

John A. Babington, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., with him on the brief) for plaintiff-appellee.

Before LEWIS, Chief Judge, BREITENSTEIN and McWILLIAMS, Circuit Judges.

PER CURIAM.

Begay, a Navajo Indian, appeals from a judgment of conviction for burglary within Indian country in violation of 18 U.S.C. § 1153 contending the trial court erred in the admission of his written confession into evidence and that the evidence is insufficient to support conviction because the confession is corroborated only by independent evidence of

the corpus delicti. The latter contention is self-defeating and needs no elaboration. Independent evidence of the commission of the crime consistent with the confession is ample to support conviction. Mapys v. United States, 10 Cir., 409 F.2d 964; Zamora v. United States, 10 Cir., 369 F.2d 855.

On the night of July 22, 1969, a store at Shiprock, New Mexico, was burglarized. Begay and two other Indians were indicted for the offense; the two other defendants pleaded guilty. During investigation of the burglary an F.B.I. agent, Gersky, having affirmative knowledge of Begay's involvement, contacted Begay at his home and said he would like to talk with him about the burglary and they could talk at his home or the police station. Begay, 19, chose the police station and rode there with the agent; he did not say anything to the agent on the way, nor had he yet been advised of his rights. At the station he was advised of his rights and did sign a waiver of rights form and then made an inculpating statement.

A motion to suppress was heard and denied on two grounds: (1) that defendant was not in custody at the time of his interrogation and *Miranda*[1] did not then apply; (2) the F.B.I. agent properly advised defendant of his rights. The record supports these determinations. Even assuming arguendo that *Miranda* custodial interrogation existed from the time appellant got into the car to go to the station, it does not appear his rights were violated or that any inculpating evidence was obtained prior to the time appellant was informed of his rights. Indeed, the testimony of Gersky, deemed credible by both court and jury, reveals a very commendable effort to assure Begay's complete understanding of his rights.

Begay also asserts his confession should be held involuntary as a matter of law because coerced by "inherent pressures of the interrogation atmosphere" as projected into his subjective background. The record does not support such a claim. Begay was 19, attended school midway through the eleventh grade, was a good student, spoke English fluently and gave no indication of incapability to understand. We are satisfied that he was afforded all possible protections and that his confession was voluntary.

Affirmed.

---

1.  Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.