UNITED STATES of America, Appellee,

v.

Richard Carl OPDAHL, Appellant.

No. 79–1577.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1979.

Decided Nov. 28, 1979.

Certiorari Denied Feb. 19, 1980.
See 100 S.Ct. 1056.

Henley, Circuit Judge, filed a concurring opinion.

Scott F. Tilsen, Asst. Federal Public Defender, Minneapolis, Minn., for appellant.

Thorwald H. Anderson, Jr., U. S. Atty. and Robin Sjastad, Legal Intern, Minneapolis, Minn., for appellee.

Before LAY, HEANEY and HENLEY, Circuit Judges.

LAY, Circuit Judge.

Richard Carl Opdahl appeals from his conviction of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). The sole issue on appeal is whether there was sufficient corroborative evidence, in addition to the admissions of defendant, to support a guilty verdict. We affirm.

At approximately 2:35 P.M. on July 19, 1978 two men entered the rear door of the St. Louis Park Branch of Home Federal Savings and Loan Association of Minneapolis. Both were masked and wore gloves. One, who was particularly tall and slender, wore a dark blue ski mask with red trim. He was armed with a small hand gun. The other wore a bandana pulled up over his face and a hat. He was carrying a sawed off shoulder weapon. One of the robbers took the cash out of the teller's money drawers. The two exited through the same rear door which they had entered. The total amount of money taken in the robbery was $4,876 including $200 of bait money, which was serially recorded. After exiting the bank, the two men headed in an east-southeasterly direction through the bank parking lot behind the building next door.

The surveillance cameras were activated during the robbery. The pictures depicted the robbers taking money from the tellers' money drawers and exiting through the rear door.

After the robbery had occurred, the FBI was called to investigate. One of the agents discovered a ski mask at the foot of a large trash container behind a building just to the east of the bank. The ski mask was identified as the same one worn by the tall slender bank robber.

The St. Louis Park Branch of Home Federal Savings and Loan Association of Minneapolis was robbed again about two weeks later on August 4. At the trial Christopher Miles, a friend of Richard Opdahl, testified that Opdahl had admitted to Miles that Opdahl had previously robbed the St. Louis Park branch of Home Federal Savings and Loan of Minneapolis two weeks before the August 4 robbery. Miles pled guilty to the August 4 robbery of the same bank and testified that Richard Opdahl had told him how to execute the robbery. Miles and Richard's brother, Lyle Opdahl, robbed the bank on August 4. Another acquaintance of Opdahl's, Mark Bynell, additionally testified that Opdahl had told him that the robbery of Home Federal in St. Louis Park was a "pushover." This evidence constituted the admissions which Opdahl claims lack corroboration in order to provide sufficient evidence of his guilt beyond a reasonable doubt.

When the FBI learned of Opdahl's potential involvement with the July 19 robbery an agent took hair samples from Opdahl's head. These were sent to the FBI laboratory along with the ski mask that had been found near the bank. Hair strands were taken from the ski mask and microscopically compared with the hair samples taken

from Opdahl. Myron Scholberg of the FBI Laboratory testified that he found that Richard Opdahl's hairs "were microscopically alike in all identifiable characteristics" with the hairs found in the ski mask. His conclusion was that the two hairs removed from the ski mask could have originated from the defendant.

The defendant does not contest that there is adequate corroboration with respect to the fact that a robbery was committed on July 19, 1978. Three bank employees, who were present when the robbery occurred, the branch manager and two tellers, testified about the details of the crime. In addition, the surveillance cameras recorded the robbery on film. There can be no doubt that a crime was committed.

Defendant's contention is that there is not sufficient corroboration that he was the person who committed the crime. He claims that the hair taken from his head which corresponds with the hair taken from the ski mask is not enough to corroborate his admission to Miles that he robbed the bank. Defendant's argument misses its mark.[1]

The Supreme Court has rejected a requirement that the accused's identity must be corroborated. In *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954), the Court indirectly dealt with the problem. The case involved a charge of income tax evasion and in that sense it was unique because unlike most crimes, tax evasion exhibits no tangible injury which can be isolated as a corpus delicti. The Court was confronted with the problem of whether there should be corroboration of the accused's identity in this type of crime. The Court stated:

The corroboration rule, at its inception, served an extremely limited function. In order to convict of serious crimes of violence, then capital offenses, independent proof was required that *someone* had indeed inflicted the violence, the so-called *corpus delicti*. *Once the existence of the crime was established, however, the guilt of the accused could be based on his own otherwise uncorroborated confession.* But in a crime such as tax evasion there is no tangible injury which can be isolated as a *corpus delicti*. As to this crime, it cannot be shown that the crime has been committed without identifying the accused. Thus we are faced with the choice either of applying the corroboration rule to this offense and according the accused even greater protection than the rule affords to a defendant in a homicide prosecution, . . . or of finding the rule wholly inapplicable because of the nature of the offense, stripping the accused of this guarantee altogether. We choose to apply the rule, with its broader guarantee, to crimes in which there is no tangible *corpus delicti*, where the corroborative evidence must implicate the accused in order to show that a crime has been committed.

*Id.* at 153–54, 75 S.Ct. at 198 (emphasis added) (citations omitted).

■ Any doubt that may have remained after *Smith* was erased by *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), which clearly articulated the rule that corroboration of the accused's identity was not necessary in cases which involved physical damage to person or property.

Where the crime involves physical damage to person or property, the prosecution

---

1. Defendant relies on the general language in *Opper v. United States*, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101 (1954), to support his argument that corroboration of an admission is necessary. In *Opper* the Court stated:

It is necessary, therefore, to require the Government to introduce substantial independent evidence which would tend to establish the trustworthiness of the statement. Thus, the independent evidence serves a dual function. It tends to make the admission reliable, thus corroborating it while also establishing independently the other necessary elements of the offense. It is sufficient if the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth. Those facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt.

*Id.* at 93, 75 S.Ct. at 164 (citation omitted).

must generally show that the injury for which the accused confesses responsibility did in fact occur, and that some person was criminally culpable. A notable example is the principle that an admission of homicide must be corroborated by tangible evidence of the death of the supposed victim. See 7 Wigmore, Evidence (3d ed. 1940), § 2072, n. 5. There need in such case be no link, outside the confession, between the injury and the accused who admits having inflicted it. But where the crime involves no tangible *corpus delicti*, we have said that "the corroborative evidence must implicate the accused in order to show that a crime has been committed." 348 U.S., at 154 [, 75 S.Ct. 194 at 198.] Finally, we have said that one uncorroborated admission by the accused does not, standing alone, corroborate an unverified confession. *United States v. Calderon*, 348 U.S. 160, 165 [, 75 S.Ct. 186, 99 L.Ed. 202.]

*Id.* at 489–90 n. 15, 83 S.Ct. at 418.

Since *Wong Sun* federal courts including this court have consistently followed the rule that corroborative evidence of the accused's identity need not be shown where there is physical injury to person or property. In *United States v. Johnson*, 191 U.S. App.D.C. 193, 589 F.2d 716 (D.C. Cir. 1978), the appellant was convicted of bank robbery. At the trial an admission was allowed into evidence. The admission was to an acquaintance and the accused described the robbery in meticulous detail and bragged of paying six-months rent from the proceeds. The accused argued on appeal that there was insufficient proof outside the admission that he took part in the holdup. The court stated:

We perceive no occasion, however, to assess the substantiality of the Government's independent proof of appellant's participation, such as the composite drawing made with the teller's assistance. For the Supreme Court has made clear that in cases involving a tangible corpus delicti—where the fact that a crime has been committed can be shown without identifying the perpetrator—"there need . . . be no link, outside the confession, between the injury and the accused who admits having inflicted it." This principle extends to the crime of armed robbery, and we are accordingly constrained to reject appellant's contention.

*Id.* at 719 (footnotes omitted).

*Johnson* is remarkable because of its similarity to the present case. Here Opdahl claims that there is insufficient corroboration to link him with the holdup—that the hair sample is not enough. In *Johnson* the accused claimed that the composite drawing was not enough but the court held that the admission as to the robber's identity without any corroboration was sufficient to allow a guilty verdict.

This court has articulated the same rule in *Fisher v. United States*, 324 F.2d 775 (8th Cir. 1963), citing with approval an annotation from 45 A.L.R.2d 1316, 1336 (1956) which states:

The courts agree that, as a general proposition, evidence in corroboration of a confession or admission need not connect the defendant with the crime charged and that such connection can be shown by his confession or admission without corroboration on that point.

*Fisher v. United States*, 324 F.2d at 779.[2]

In the present case there is no question that the corpus delicti was corroborated. Whether hair samples are sufficient corroboration of an accused's admission that

---

2. The case of *Sansone v. United States*, 334 F.2d 287 (8th Cir. 1964), also dealt with corroboration of admissions and adopted the same approach that was taken in *Smith v. United States*, 348 U.S. 147, 75 S.Ct. 194, 99 L.Ed. 192 (1954). *Sansone* like *Smith* was an income tax evasion case and the court concluded that it was necessary to corroborate admissions going to the identity of the accused. It stated:

These principles are applicable to the crime of tax evasion where "there is no tangible injury which can be isolated as a corpus delicti" and "where the corroborative evidence must implicate the accused in order to show that a crime has been committed" . . . .

*Sansone v. United States*, 334 F.2d at 292.

he was the person who committed the crime is not the issue. An admission by the accused identifying himself as the person involved in the holdup is sufficient to sustain a guilty verdict when the crime itself is shown by independent evidence.

The judgment of conviction is affirmed.

HENLEY, Circuit Judge, concurring.

The opinion of the majority is based on the proposition that whereas a confession related to the corpus delicti or fact of the commission of a crime which involves physical damage to person or property must be corroborated, there need in such a case be no link, outside the confession, between the injury and the person who admits having inflicted it. While it must be conceded that this court[1] along with other appellate courts,[2] following Supreme Court dicta,[3] has tended to exclude the identity of the accused from the corroboration requirement, this exclusion has been criticized[4] and I am far from persuaded that it is sound. However, I concur in the result reached by the majority because I am convinced that evidence corroborating defendant's admissions of his connection with the bank robbery was sufficient to warrant a jury inference of the truth of the admissions. *Opper v. United States*, 348 U.S. 84, 93, 75 S.Ct. 158, 99 L.Ed. 101 (1954).

The government established that the bank robber wearing the ski mask was a tall and slender caucasian with dark eyes and brown hair. The jurors had an opportunity to observe the defendant throughout the trial and to determine the extent to which he fit the general description of the robber. Parenthetically, it may be noted that Opdahl has not contended that his physical description is unlike that of the robber.

Furthermore, the government established that a ski mask, apparently worn by the tall slender robber during the robbery, contained hair samples microscopically similar in all identifiable characteristics with defendant's hair.

In *United States v. Massey*, 594 F.2d 676 (8th Cir. 1979), this court found matched hair samples to be of substantial probative value and concluded that evidence of hair samples microscopically similar to samples of defendant's hair was the "linchpin" which enabled the court to uphold the conviction. Similarly, in this case, I believe that the evidence of hair samples, considered along with the other evidence, is sufficient to corroborate defendant's admissions as to his connection with the crime. Thus, I join in affirming the conviction of Richard Opdahl.

---

**1.** *United States v. Stabler*, 490 F.2d 345, 349–50 (8th Cir. 1974); *Fisher v. United States*, 324 F.2d 775, 779 (8th Cir. 1963).

**2.** *See, e. g., United States v. Johnson*, 191 U.S. App.D.C. 193, 196, 589 F.2d 716, 719 (D.C. Cir. 1978); *United States v. Begay*, 441 F.2d 1136, 1137 (10th Cir. 1971); *Rodriquez v. United States*, 407 F.2d 832, 834 (9th Cir. 1969); *Hicks v. United States*, 127 U.S.App.D.C. 209, 215 n. 6, 382 F.2d 158, 163 n. 6 (D.C. Cir. 1967); *United States v. Braverman*, 376 F.2d 249, 253 (2d Cir. 1967); *Caster v. United States*, 319 F.2d 850, 852 (5th Cir. 1963). *But see Palacios v. Government of Guam*, 325 F.2d 543, 546 (9th Cir. 1963).

**3.** *Wong Sun v. United States*, 371 U.S. 471, 489–90 n. 15, 83 S.Ct. 407, 9 L.Ed.2d 441 (1973); *Smith v. United States*, 348 U.S. 147, 154, 75 S.Ct. 194, 99 L.Ed. 192 (1954).

**4.** *See, e. g.,* Developments in the Law—Confessions, 79 Harv.L.Rev. 935, 1082–83 (1966); Note, Proof of the Corpus Delicti Aliunde the Defendant's Confession, 103 U.Pa.L.Rev. 638, 676–77 (1955).