LE BLANC, Justice.
 

 On June 12, 1952, defendant was charged by a bill of information with having negligently ' killed Mrs. George Reiser. After trial, defendant was found “Guilty as charged” and- sentenced to a term of four years and eleven- months in the State Penitentiary. He brings this appeal, assigning as errors the numerous bills he reserved before, during, and after the trial. As various bills of exception cover the same legal question, the bills will be consolidated for consideration whenever possible.
 

 Bill of exception No. 1 was reserved to the trial judge’s overruling of a motion to quash based upon the fact that two bills of information were filed against defendant, the one under which he was being tried and another charging him with having negligently killed George Reiser. The contention of defendant in his motion to quash was that as both deaths resulted from a single act (an automobile accident) he could not be tried and prosecuted for two offenses and under two different bills of information. As defendant was tried under and convicted upon only one of the bills, his objection would seem to be premature. He has injected the second bill of information in this case by making it a part of his motion to quash and his bill of exception. However, we have not been able to find any authority which holds that the fact that there are two bills of information pending against an accused at the same time- for the same killing of two persons arising out of the same transaction, acts as a bar to proceeding under either. Whether he could be tried under the second bill aft
 
 *562
 
 •er being acquitted or convicted on the first is not now before the court.
 

 Moreover, the present jurisprudence would seem to sanction the action of the district attorney in having filed the two separate bills of information. The killing of each person was a separate homicide, a separate crime — See State v. Cannon, 185 La. 395, 169 So. 446, 448. Whilst it is true that under former. Art. 218 of the Code of Criminal Procedure which provides that an indictment would lie for two or more crimes resulting from a single act, the repeal of that article by Act No. 153 of 1932 had the effect of making the law revert to its former status which was that “ ‘The fact that a person commits several separate and distinct crimes
 
 at the same
 
 time, or in immediate, consecutive order, is no reason why he should not be indicted and tried for each of said crimes.’ ” See State v. Montcrieffe, 165 La. 296, 115 So. 493; also State v. Carter, 206 La. 181, 192, 19 So.2d 41. “This rule”, said the Court in the Montcrieffe case, “is so universally recognized and applied that any citation of authority would be superfluous.” [165 La. 296, 115 So. 494.]
 

 This statement of the law seems to make it clear that it makes no difference whether the several, separate and distinct crimes arise out of one act or out of one in which they all occur simultaneously, or whether they arise in immediate or consecutive order out of the same act.
 

 In an earlier case, State v. Turner, 178 La. 928, 939, 152 So. 567, 571, this Court had stated that “the repeal of article 218 of the Code of Criminal Procedure (Act No. 153 of 1932), relating to charging two or more offenses in distinct counts, does not have the effect of repealing the rule at common law as to charging such offenses.”
 

 Bills of Exception numbered 5, 6, and 9, relate to the defendant having had to accept an obnoxious juror after his challenge for cause was denied, and after he had exhausted his peremptory challenges. The defendant’s contention on these bills is that had the trial judge allowed him to challenge for cause jurors Ross Reeves and S. W. Tucker (upon whom he was forced to use peremptory challenges), then he would not have had to use all of his peremptory challenges and could have challenged juror Oscar Dean peremptorily. If the accused is deprived of one of his peremptory challenges, because of an erroneous ruling of the trial judge, and is then forced to accept an obnoxious juror because of his peremptory challenges being exhausted, he has been denied a substantial right. In Bill No. 5, defendant contends the trial judge erred in not allowing him to challenge juror Reeves for cause after Reeves admitted he had an opinion in the case and that it would take evidence to change it. A reading of the answers of Reeves while he was being
 
 *564
 
 questioned on his voir dire shows that his opinion was not fixed. He stated that he would decide the case on the evidence presented. Under Art. 351 of the Code of Criminal Procedure, LSA-R.S. 15:351, an opinion “which is not fixed, or has not been deliberately formed, or that would yield to evidence, or that could be changed” does not disqualify a juror. This case is clearly distinguishable on this .point from that of State v. Oliphant, 220 La. 489, 56 So.2d 846, relied on by counsel for defendant.
 

 In bill No. 6, defendant contends that the judge erred in not allowing him to excuse juror Tucker for cause after Tucker admitted he was prejudiced or would be prejudiced should the evidence disclose that the defendant was drinking at the time of the accident that resulted in the death of a person, for which death the defendant was being tried. In his voir dire, juror Tucker, in response to questions by defendant’s counsel, stated:
 

 A. "If it’s proven that he was drunk, it’ll have an effect on me.”
 

 A. “I don’t believe anybody can drive a car out there safély when théy are drinking, if it’s just one drink.”
 

 In answer to the question by the judge, he stated that he would take the evidence as he heard it from the witnesses and the law as given to him by the judge, and render a fair and impartial verdict, That, after all, was the test of his competency which has to be judged from his entire examination. His competence or incompetence cannot be limited to isolated answers given by him on his examination. See State v. Henry, 200 La. 875, 889, 9 So.2d 215.
 

 Article 351, Code of Criminal Procedure, lists impartiality or bias as a ground for challenging for cause and Article 353 provides that no defendant can complain of any ruling refusing to sustain a challenge for cause, unless his peremptory challenges shall have been exhausted before the completion of the panel, and then, not unless the defendant by such ruling is forced to accept an obnoxious juror. This brings us to bill No. 9, which was taken when the court sustained an objection by the State to a question propounded by counsel for defense to prospective juror Dean. The question which’was disallowed was:
 

 Q. "Well, I understand that, but could you give him the same fair and impartial trial that you would give a man that has not even had a drink?”
 

 The court sustained the objection by the State to this question on the ground that it suggested the juror should disregard the question of drinking, which was a factor in the case and one to be considered by any juror. Like juror Tucker, juror Dean had a prejudice against driving while drinking, but stated that he could take the evidence from the witnesses on the stand, and the law as given to him by the judge, and render a fair and impartial verdict. Again this juror met the test of competency and
 
 *566
 
 the accused was not deprived of any of his peremptory challenges.
 

 Bills of exception 3, 4, 12, 13, 14, 15, 17, and 23, were taken when the District Attorney by his opening statement, arguments and questions, referred to the death of George Reiser, a person other than the one for whose death defendant was being tried, together with evidence to the effect that defendant had fled from the scene of the accident. The defendant contends that this evidence and these references were not relevant or admissible as part of the res gestae and were introduced or made solely to prejudice the minds of the jurors. Clearly, evidence of such acts were admissible under the doctrine of res gestae as they were inseparable from the crime charged and formed, in conjunction with the crime charged, one continuous transaction. Code of Criminal Procedure, arts. 447, 448, LSA-R.S. 15:447, 15:448.
 

 Bills Nos. 6, 9, and 10 were all taken upon the refusal of the court to permit the attorneys for defendant to question prospective jurors about their prejudice or attitude, if any, toward a person operating a vehicle while using intoxicating liquors, the question of the use of intoxicants by the defendant and his condition at the time of the accident being of vital importance. Defendant is complaining that the denial of these questions was in derogation of his rights of examination of prospective jurors in order to enable him to intelligently. exercise his right of peremptory challenge.
 

 Bills of exception 6 and 9 have already been discussed and we find that the court allowed defendant wide latitude in question! ing witnesses about their attitude towards drinking and only stopped defendant when his questions became repetitious or objectionable. Bill No. 10 has to do with his having had to accept an obnoxious juror (Dean) after having used all of his peremptory challenges. This bill was discussed as bill No. 9 above.
 

 Bill of exception No. 14-A was reserved to the trial judge’s sustaining an objection by the District Attorney to the following question propounded by the defendant’s counsel to a witness for the State:
 

 Q. “Now, if a person didn’t realize that he was going to hit a six-inch bump or a six-inch curb, it would have a tendency to jerk the wheel out of the man’s hand, wouldn’t it.”
 

 This question was purely hypothetical. It called for an opinion of the witness without the proper foundation having been laid and clearly was objectionable. The bill also concerned the refusal of the trial judge to permit counsel for defendant to pursue this line of questioning further after the jury was retired, for the purpose of preparing the bill. No useful purpose could have been served by allowing the defendant to proceed with this line of questioning out of the presence of the jury. The judge had al
 
 *568
 
 ready ruled on it in their presence. If counsel wanted to persist in his questioning in order to show the condition of the road and the shoulders in the locality, he could have asked questions along that line, in the presence of the jury, and if it appeared that facts which may have been material and relevant would have been elicited from such questions, it may well be that the testimony would have been admitted. But that is not the situation which was presented as reflected by the record in this case. All that took place in the presence of the jury, as far as is disclosed, was the propounding of the purely hypothetical question which the District Attorney objected to and which objection was sustained by the trial judge.
 

 Bills Nos. 16, 18, 19, 20, and 21 all involve questions of the admissibility of evidence. Counsel for defendant cited no authority in his brief to support his contentions of inadmissibility, nor did he refer to these bills in argument before this Court. There is no merit to any of these bills.
 

 Bills Nos. 22 and 25 concerning the ad-, missibility of city ordinances are also found to be without merit. The copies of the City Ordinances were properly certified as shown by the trial judge’s per curiam to bill No. 22. He also properly permitted them to be read to the jury, since they had already been introduced and filed in evidence as shown by his per curiam to bill No. 25.
 

 Bill of exception No. 24 concerns the admissibility of a conversation defendant had with- a third, party some six hours before- the accident. Such evidence was clearly objectionable as being self-serving, hearsay, and formed no part of the res gestae.
 

 Bills Nos. 26 and 27 relate to certain statements which the district attorney made to the jury in his closing arguments. One, concerning a reference to the failure of defendant to stop his car at the scene of the homicide has already been commented on and the testimony in regard thereto having been found properly admitted, the district attorney was certainly justified in commenting on it.
 

 The other relates to a statement allegedly made by the district attorney which it is claimed was inflammatory and highly prejudicial. In the preparation of the bill, counsel quote the statement as follows:
 

 “ ‘Gentlemen of the jury, as I say, in -the discharge of our duty, may an all wise God and Mrs. Reiser judge us in our verdict of guilty as charged,’ (or words to that effect).”
 

 In his per curiam the trial judge states:
 

 “Transcript shows that the State made the statement; ‘Gentlemen of the Jury, as I say, in the discharge of our duty, may, an all wise God and Mrs. Reiser * * *.’
 

 “At this point .he was interrupted by the defense and the statement was objected to, which objection was overruled. The Court fails to find that the accused was prejudiced in any way by
 
 *570
 
 this statement. The portion of the statement as set forth in the bill: ‘Judge us in our verdict of guilty as charged’ is not reflected by the transcript nor does the Court remember that these words were used. The accused was objecting and interrupting and the remainder of the statement was not taken.”
 

 In considering the bill we have to guide ourselves by the per curiam of the trial judge from which it appears that some confusion must have arisen and all that we have before us is an incomplete statement from which it is impossible to say that it was prejudicial in any way.
 

 The matter forming the basis of this bill is again referred to in defendant’s motion for a new trial.
 

 Counsel apparently takes issue with the trial judge concerning his recollection as to the last part of the statement. The record as presented fails to show what the transcript of the Court Stenographer reflects. In taking the bill of exception to the ruling of the trial judge on their objection, counsel did not attach the report to show that what happened was in any manner otherwise than as reflected in the judge’s per curiam by which this Court is bound.
 

 Bills Nos. 28 and 29 were reserved to the Court’s overruling of defendant’s motion for a new trial and the motion in arrest of judgment. There is nothing presented in these bills which has not been discussed and passed on before.
 

 No reference has been made to Bills Nos. 2, 7, 8 and 11 for the reason that they seem to have all been abandoned.
 

 For the reasons stated the verdict and sentence are affirmed.
 

 HAWTHORNE, J., absent.