454 So.2d 237 (1984)
STATE of Louisiana
v.
Edward JOSEPH.
No. 83-KA-839.
Court of Appeal of Louisiana, Fifth Circuit.
June 29, 1984.
*240 John M. Mamoulides, Dist. Atty., William C. Credo, III, Elizabeth M. Gaudin, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Philip E. O'Neill, Gretna, for defendant-appellant.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
KLIEBERT, Judge.
Defendant, Edward Joseph, was charged under LSA-R.S. Article 14:64 by bill of information with the armed robbery of $54.00 from Billy Gully. The robbery was alleged to have occurred on February 28, 1981. Following an August 13, 1981 arraignment on this charge, the matter was continued to May 21, 1982. On that day, the bill was amended to show the amount taken as $109.00, the victim as Betty A. Bruer, and the date of the crime as April 21, 1981. Three days later, following the trial judge's denial of motions to suppress evidence and a confession, the defendant was arraigned on the amended bill and plead not guilty. Trial before a jury commenced on May 26, 1982. The defendant was found guilty as charged and was sentenced to serve 99 years in the custody of the Department of Corrections without *241 benefit of probation, parole or suspension of sentence. It is from this conviction and sentence the defendant now appeals, urging eleven assignments of error.
The events which occurred are as follows: On April 21, 1981, at approximately 12:15 A.M., a man entered the Lil' General Food Store on Williams Boulevard in Kenner, Louisiana. After obtaining a beer from the back cooler in the store, the man returned to the counter and robbed the cashier of the store, at gunpoint. After giving the man money from the cash register and a carton of cigarettes, the subject left the store. The police was notified and given a description of the alleged perpetrator.
On May 1, 1981, at about 2:00 A.M., Officer Grady Smith, a Jefferson Parish Deputy, heard a broadcast over the police radio of a pursuit in progress. The subjects were wanted in connection with the armed robbery of a Lil' General Store located at Bonnabel and Veterans which had occurred only moments previous. Since he was in the vicinity of the chase, Officer Smith positioned his police unit for a roadblock. The suspected vehicle was observed by the officer approaching his unit and since the driver did not appear to be slowing to stop, Smith exited his car. According to Officer Smith, prior to the impact, a female passenger appeared to fire shots at him, hence, he returned the fire. After the suspect's car collided into the police unit, the subjects were removed from the automobile and placed under arrest.
The male subject was identified as Edward Joseph, the defendant here. Following interrogation, approximately eleven hours after his arrest, Joseph gave a statement implicating himself in five armed robberies in the Kenner area, four of which were particularized in the statement. One of those which was particularized coincided factually with the robbery of Betty Bruer. The present prosecution is of that crime.

ASSIGNMENT OF ERROR NO. 1
The defendant complains it was error for the trial court to permit the State to transfer an alloted case from one division of court to another division by amending the bill of information.
Although the defendant contends the amendment violated the rules of court of the Twenty-fourth Judicial District Court, he cites no support for his argument. We note, however, that a trial court may, under the provisions of LSA-C.Cr.P. Article 488, allow an amendment to a bill of information. Further, the defendant has neither shown nor argued that he was prejudiced in his defense as a result of this amendment. Rather, the record shows the defendant and his attorney were both personally present when the amendment was made in open court and neither objected to the amendment at that time. We have additionally read the criminal rules of the Twenty-fourth Judicial District Court, as adopted for 1982, and find under Rule XIII thereof that cases on any of the criminal dockets of said court may be transferred as often as necessary for the proper expedition of the business of the court from one division of the court to another. Therefore, the amendment and transfer did not violate the rules of court for the Twenty-fourth Judicial District Court.
For the reasons stated, we find no merit in this assignment of error.

ASSIGNMENTS OF ERROR NOS. 2 and 9
In his second and ninth assignments of error, the defendant argues that the gun seized from the defendant's car at the time of the arrest was not admissible in evidence for two reasons: (1) the warrantless seizure of the gun violated the defendant's constitutional right against illegal searches and seizures, and (2) the State has failed to show a possessory interest in the pistol by the defendant or its connection with the crime charged here. Hence, in assignment of error No. 2 he argues the Motion to Suppress should have been granted and in assignment of error No. 9 he argues it should not have been admitted in evidence at the trial.
*242 Only unreasonable searches and seizures are prohibited by Amendment No. 4 of the United States Constitution and by Louisiana Constitution Article 1, Section 5. Hence, it is self-evident the seizure of an object in plain view does not violate the United States or the Louisiana constitutional prohibitions against unreasonable searches and seizures. Also, under the jurisprudence an officer may conduct a limited warrantless search for weapons during a lawful investigatory stop where such a search is necessary to neutralize the threat of physical harm without violating the prohibition against an illegal search. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Consequently, and for the same reason, an officer has the right to seize or take a weapon into custody for his own protection. State v. Reed, 388 So.2d 776 (La.1980); State v. Williams, 421 So.2d 874 (La.1982). Here, according to the testimony of Officer Smith, he seized the gun after the defendant's girl friend pointed the gun out of the window of the car and attempted to shoot at him just before colliding into the police unit he had positioned across the road as a roadblock. After the collision, he saw the gun on the floorboard on the front passenger side of defendant's car. Under these facts, the officer's seizure of the gun was reasonable when viewed under the plain view doctrine or the rationale of State v. Reed, supra.
We next consider the defendant's second reason for contending the Motion to Suppress should have been granted and/or the gun should not have been admitted in evidence because the State failed to show a possessory interest in the defendant and failed to connect the gun to the crime charged.
The lack of a possessory interest and the failure to connect the gun to the crime charged addresses itself to a question of relevancy and/or chain of custody and therefore is not properly within the scope of a motion to suppress filed under the authority of C.Cr.P. Article 703. Under this article, a defendant adversely affected may move to suppress any evidence from the use at the trial on the merits on the grounds such evidence was unconstitutionally obtained. As was held by our Supreme Court in State v. Naas, 409 So.2d 535 (La.1981), writ denied 457 U.S. 1119, 102 S.Ct. 2933, 73 L.Ed.2d 1332, Article 703 applies only to the suppression of evidence obtained by an unconstitutional search and does not pertain to challenges of relevancy or prejudicial affect. Consequently, defendant's contentions insofar as they are urged to show error in the trial judge's failure to grant the motion to suppress the evidence is without merit.
The defendant makes the same contentions in support of his position the gun was not admissible at the trial. His position is grounded in the fact the State did not prove the defendant owned the gun and the victim's inability to positively identify the gun as the one used in committing the crime involved here. This is coupled with the contention the State failed to prove the "corpus delicti" of the crime here. Consequently, he argues, even if the defendant's confession is found valid, the State cannot rely on the confession alone to support admissibility of the gun because the confession can only be used to corroborate the commission of a crime.
In order to introduce demonstrative evidence, it suffices if the foundation laid establishes that it is more probable than not that the object is the one connected with the case; lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than its admissibility. State v. Sam, 412 So.2d 1082 (La.1982); State v. Williams, 362 So.2d 530 (La.1978).
Although the victim of the crime testified that she thought that the weapon used in the armed robbery was darker than the weapon introduced here, she also testified the gun used to rob her was similar to the one in question here. Her uncertainty goes to the weight of the evidence rather than its admissibility. State v. Robertson, 421 So.2d 843 (La.1982). Further, the gun was connected to the defendant by Officer *243 Smith's testimony as to circumstances in which the gun was seized.
With respect to the defendant's contentions as to the corpus delicti, we note the following:
Black's Law Dictionary defines "corpus delicti" as:
The body of a crime. The body (material substance) upon which a crime has been committed, e.g., the corpse of a murdered man, the charred remains of a house burned down. In a derivative sense, the substance or foundation of a crime; the substantial fact that a crime has been committed. The "corpus delicti" of a crime is the body of substance of the crime, which ordinarily includes two elements: the act and the criminal agency of the act. State v. Edwards, 49 Ohio St.2d 31, 358 N.E.2d 1051, 1055.
In State v. Reed, 420 So.2d 950, 951, n. 1 (La.1982), the court noted: "Corpus delicti, the body or substance of a crime, has two elements: (1) an unlawful injury has occurred; and (2) some person's illegal conduct caused that injury. 1 Wharton, Criminal Law, § 28 (Torcia ed. 1978)."
LSA-R.S. 14:64 defines armed robbery as "the taking of anything of value belonging to another from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon."
The victim Betty Bruer testified:
"This guy, he came in the store and he went to the cooler to get a beer. He came back to the counter and told me that this was a hold up and he pulled a gun out of his pants and he told me to give him the money, and `I'm not going to hurt you' and I did that and he asked me for a carton of cigarettes and I did that."
The testimony of Ms. Bruer established that the offense of armed robbery had occurred. Accordingly, the corpus delicti was proven independently of the defendant's confession. As noted in State v. Freetime, 334 So.2d 207, 210 (La.1976), "[p]roof that defendant was the person who engaged in this unlawful conduct is of course necessary for the conviction, but it is not an element of the corpus delicti. [citations omitted] [emphasis added]." See also 1 Wharton § 28 (Torcia Ed. 1978), McCormick, Evidence (1972).
Once the corpus delicti has been established by the required showing, the confession (if otherwise deemed admissible) may be considered with the independent proof in determining whether the State has sustained its burden of proof in establishing the guilt of the accused. At that point, the confession can be utilized to corroborate the details of the previously proven corpus delicti. See State v. Reed, supra.
Since the weapon used to commit the offense of armed robbery need not be produced in order to establish that the offense of armed robbery was committed, see State v. Davis, 336 So.2d 805 (La.1976); State v. Williams, 449 So.2d 60 (La.App. 5th Cir.1984), the gun was merely corroborative evidence of the defendant's guilt, not part of the proof necessary to establish the corpus delicti. The use of the confession, if otherwise valid, to establish the relevance of the piece of demonstrative evidence is not in conflict with the present jurisprudence.
For the above reasons we hold the defendant's assignments of error Nos. 2 and 9 are without merit.

ASSIGNMENTS OF ERROR NOS. 3 and 6
In assignment of error number three, the defendant contends the trial court erred in denying the defendant's motion to suppress his confession. Further, the defendant, in assignment of error number six, contends it was error for the trial court to permit the State to introduce into evidence the purported confession of the defendant without demonstrating the foundation or predicate that the alleged confession was knowingly and voluntarily made. Because of their similarity we consider the two assignments of error together.
At the hearing of the motion to suppress the confession, the State called Detective *244 Mark Murret of the Kenner Police to testify regarding the voluntariness of the defendant's confession. According to Detective Murret's testimony, after advising the defendant of his Miranda rights, on May 1, 1981, he took the statement from the defendant which was subsequently introduced at the trial as a confession. Murret testified that the defendant: (1) did not exhibit any physical injury which would indicate the need for medication, (2) did not request medication, and (3) did not appear to need physical attention or medical attention. More specifically, he did not see any open abrasions or bleeding, cuts, or any swelling to the defendant's eyes or his face.
At the suppression hearing, the defendant testified that he was beaten by Officers Rooney and Nicolosi at the Kenner lockup following his arrest and prior to the statement to Murret. He further testified that he was punched in the back, hit in the head, hit on the forehead with a telephone book, and kicked in the face. He claims he requested medical treatment on many occasions, but was denied same.
The State has the burden of affirmatively proving that a confession was made freely and voluntarily and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451; State v. Vaccaro, 411 So.2d 415 (La.1982); State v. Dison, 396 So.2d 1254 (La.1981). Because of its heavy burden of proving voluntariness of a confession, the State must rebut defendant's testimony of specific incidents of coercion and cannot simply rely on general testimony of officers not present that they witnessed no coercion, intimidation or other undue influence. State v. Kennedy, 438 So.2d 210 (La.1983); State v. Carson, 336 So.2d 844 (La.1976).
In the instant case, we are not faced with a factual situation where the State's witnesses testify that they did not beat, coerce or otherwise threaten the defendant into making a statement and the defendant testifies in contradiction thereof. In that situation, it would be unnecessary for the officers to take the stand to repeat their testimony after the defendant testifies. State v. Sims, 310 So.2d 587 (La. 1975).
However, we are faced with a situation where one officer testifies that he did nothing to coerce the defendant to make a statement nor did he witness any such coercion and the defendant's testimony to the effect that other officers beat him to get him to confess. The officers accused of beating the defendant did not testify at the motion to suppress; hence, the State did not rebut the defendant's specific allegations of coercion. Also, the accused officers did not testify at the trial when the question of the voluntariness of the confession was again presented.
In State v. Jackson, 424 So.2d 997, 1000 (La.1982), under a similar situation to that involved here, the Supreme Court summarized the applicable law as follows:
"Normally, reversal is required when trial error permits a jury to be exposed to an incriminating statement by the defendant, when that statement might not be admissible, if inquiry has been permitted which was curtailed by the erroneous trial ruling. State v. McGraw, 366 So.2d 1278, 1289-90 (La.1979). Nevertheless, when the error has occurred in a ruling during a hearing on a pre-trial motion to suppress a confession, our recent practice has been to remand the motion for a reopened hearing to admit the omitted or improperly excluded evidence. State v. Scott, 355 So.2d 231 (La.1978); State v. Hills, 354 So.2d 186 (La.1977); State v. Simmons, 328 So.2d 149 (La.1976). As we explained in Simmons, 328 So.2d 153, by this practice `the error might be eliminated upon another trial of the motion to suppress,' and a new trial on the merits be avoided if in fact no error at such trial has occurred. State v. Edwards, 375 So.2d 1365, 1366 (La.1979)."
See also State v. Kennedy, supra; State v. Davis, supra.
In the absence of rebutting testimony regarding the specific and detailed *245 allegations of abuse made by the defendant Joseph against Officers Rooney and Nicolosi, the trial judge may have erred at the suppression hearing by finding the confession voluntary. Therefore, we are compelled under the ruling of the Jackson and Kennedy cases to remand the case to the district court for retrial of the motion to suppress.
Although perhaps erroneous, since the court denied the motion to suppress the confession, was the State (as contended by the defendant in assignment of error number six) obliged to introduce at trial the testimony of Officers Rooney and Nicolosi where the admittedly minimal evidence of voluntariness (the testimony of Officer Murret) was not specifically rebutted with competent testimony by the defense?
The court, in State v. Whitmore, 353 So.2d 1286, 1291 (La.1977), said: "[a] pre-trial ruling on a motion to suppress a confession or inculpatory statement is binding at the trial on the merits. If the confession is ruled admissible, no additional hearing by the judge to determine admissibility is required at the trial. LSA-C.Cr.P. art. 703(B); State v. Whatley, 320 So.2d 123 (La.1975)."
In Whatley, supra, at page 126, the defendant's mother testified at the suppression hearing that "the boy [had] showed her bruises on his chest and told her that he had been beaten previously." After her testimony "the officers testified that absolutely no coercion was used in their presence and that they were not aware of any claim or sign of beating at the time of the interrogation." The defendant himself did not testify at the suppression hearing. The trial court found the confession to be voluntary. On appeal, the defense argues that the police officer's testifying failed to establish affirmatively that no maltreatment occurred while the defendant was not in their custody. The court said:
"Had the boy himself testified as to specific occasions of beating, the jurisprudence may well have required such negativing testimony. Here, however, where the mother's testimony as to evidence of a prior beating was countered by subsequent testimony of police officers then present, we are unable to hold that the trial court erred in holding that the state bore its burden of proving the confession free and voluntary, nor in holding that the Miranda warnings had been given and understood."
At trial in Whatley, a single officer testified as to the voluntary nature of the confession. After cross-examination of the officer by the defense, the confession was admitted into evidence over the objection of defense counsel. Later, during the presentation of the defense case, the defendant took the stand and testified that he gave the statement because he was beaten by "Officer John" before his mother arrived at police headquarters. The following portions of the Supreme Court's ruling, at page 127, are noted:
"La.C.Cr.P. art. 703(B) provides that a ruling on a motion to suppress the defendant's confession or statement is binding at the trial on the merits. We have held that, as to at least the issues raised and tried by motion, the ruling is conclusive as to admissibility. State v. Whitsell, 262 La. 165, 262 So.2d 509.
However, the same code provision also provides:
When a ruling on a motion to suppress is adverse to the defendant, the state shall be required prior to presenting the written confession or written inculpatory statement to the jury, to introduce evidence concerning the circumstances surrounding the making of the written confession or written inculpatory statement for the purpose of enabling the jury to determine the weight to be given to it.
. . . .
The [issue] posed by the defendant [is this]: What predicate must the State lay at the trial to show the voluntary nature of the confession...., does as here the simple bald statements of the lack of coercion by the investigating officer suffice?
. . . .

*246 [I]n view of the denial of the motion to suppress, we are unwilling to hold that the trial court abused its discretion by permitting the confession to go to the jury upon the minimal but uncontested (at the time) evidence of its voluntary nature. See State v. Simpson, 247 La. 883, 175 So.2d 255 (1965). The safeguard for the defendant is that, if the state places in evidence only minimal evidence of voluntariness, cumulative evidence to such effect would be improper rebuttal and could not as such be used to deprive the accused of an opportunity to defend against it. La.R.S. 15:282; La.C.Cr.P. art. 756(5); State v. Campbell, 263 La. 1058, 270 So.2d 506 (1972); State v. Davis, 246 La. 383, 164 So.2d 589 (1964); 2 Marr's Criminal Jurisprudence of Louisiana, Section 633 (1923)." [footnote omitted]
As in Whatley, supra, the State in the present case took a chance by only minimally establishing a predicate. If the defense had presented competent evidence on the traversal, the State would have been barred from offering the testimony of the other officers on rebuttal.
In our view, while the trial judge may have erred in refusing to grant the motion to suppress the confession, that ruling, however erroneous, was binding at trial. Therefore, the State was not obligated to re-try the motion at trial in order to establish a predicate for the confession. Consequently, in the event the State successfully overcomes with competent evidence the defendant's testimony of being beaten by two officers at the re-opened motion to suppress the confession, there need be no retrial of the defendant.

ASSIGNMENT OF ERROR NO. 4
In this assignment of error, the defendant contends the trial judge erred in restricting the voir dire examination of a prospective juror as to his knowledge of the constitutional requirement the State advised the defendant of his Miranda rights.
The scope of voir dire examination is within the trial judge's discretion and his ruling will not be disturbed in the absence of the clear abuse of that discretion. State v. Stucke, 419 So.2d 939 (La. 1982); State v. Robinson, 404 So.2d 907 (La.1981). In evaluating the fairness of a trial court's ruling on voir dire examination, the entire examination must be considered. State v. Jackson, 439 So.2d 622 (1st Cir.1983); State v. Stucke, supra.
Our review of the voir dire examination in this case leads us to conclude the defendant was afforded a wide latitude in the examination of prospective jurors. The complained-of ruling was the result of defense counsel's questions to the prospective juror relative to whether that juror would consider whether proper Miranda warnings were given to defendant prior to making any confession. In order to respond to the question, the jurors would have had to have some basic legal background necessary for a complete understanding of the question in order to respond thereto. We conclude that the trial judge did not abuse his discretion in prohibiting the question as posed by the defense counsel and also conclude that defense counsel was given the required wide latitude in the voir dire examination.
Thus, we cannot say the trial judge erred in making the ruling complained of in this assignment.

ASSIGNMENT OF ERROR NO. 5
In this assignment of error the defendant contends it was error to permit the State to admit into evidence the entirety of the defendant's confession without first deleting reference to other crimes contained in the confession.
LSA-R.S. 15:450 provides that every confession, admission or declaration sought to be used against anyone must be used in its entirety, so that the person to be effected thereby may have the benefit of any exculpation or explanation that the whole state may afford.
As was stated by the court in State v. Morris, 429 So.2d 111 (La.1983), at page 121:

*247 A defendant is entitled to insist upon introduction of the entirety of a statement sought to be used against him, although, of course, he may waive the benefits of the protective statute. La. R.S. 15:450; State v. Haynes, 291 So.2d 771 (La.1974). Consequently, when the state seeks to introduce a confession, admission or declaration against a defendant which contains other crimes evidence, but which is otherwise fully admissible, the defendant has two options. He may waive his right to have the whole statement used, object to the other crimes evidence, and require the court to excise it before admitting the statement; or, he may insist on his right to have the statement used in its entirety so as to receive any exculpation or explanation that the whole statement may afford. A third alternative, that of keeping the whole statement out, is not available to defendant, unless, of course, the confession itself is not admissible. State v. Sonnier, 379 So.2d 1336 (La.1980); State v. Snedecor, 294 So.2d 207 (La.1974); 7 Wigmore on Evidence §§ 2100, 2115 (3rd Ed. 1940).
At the trial, defense counsel objected to the use of the confession in its entirety and requested that the trial court delete therefrom reference to the crimes other than the one for which he was then being prosecuted. Complying with the guidelines in State v. Prieur, 277 So.2d 126 (La.1973), the State sought to have the entire confession considered for the purpose as evidence of other crimes under the provisions of LSA-R.S. 15:446.[1]
It has been held that evidence of other armed robberies is admissible where almost identical tactics are used to show the system and modus operandi employed by the defendant. State v. Lawrence, 294 So.2d 476 (La.1974).
The statement given by the defendant to the police shows that the defendant used the same tactics and used the same weapon to commit other armed robberies as he had used in the instant case. Therefore, we conclude that this statement, if otherwise properly admissible, could be used as evidence to show the system and modus operandi employed by the defendant. Hence, we cannot say the trial judge abused his discretion in allowing the introduction into evidence of the entire statement over objections of defense counsel.

ASSIGNMENT OF ERROR NO. 7
By this assignment of error, the defendant contends it was error to deny him the benefit of hearsay testimony on a motion to suppress in order to show he had been beaten and had requested medical treatment.
The defendant, while testifying on his motion to suppress, attempted to relate to the trial court what a doctor had told him relative to his medical treatment received from that doctor. The State objected on the grounds of hearsay and the trial court sustained the objection.
As defined in State v. Martin, 356 So.2d 1370 (La.1978), hearsay evidence is either testimony or written evidence of an out of court statement offered to prove the truth of the matter, its value resting on the credibility of the out of court declarant.
The information sought to be admitted here was rank hearsay offered for the purpose of proving the truth of the statement itself and, hence, not admissible on a motion to suppress or at a trial. Thus, we find no merit in this assignment of error.

ASSIGNMENTS OF ERROR NOS. 8 and 10
Citing State v. Raymond, 258 La. 1, 245 So.2d 335 (1971), as authority for the admissibility of out-of-court statements to show the declarant's state of mind, the defendant sought to call Davis McDowell *248 as a witness. He would have testified that the defendant had repeatedly told him that he had been beaten and was in need of medical treatment. Although Mr. McDowell's testimony was proffered, the defense sought to have the defendant's own prior out-of-court statements admitted as circumstantial evidence of his having been beaten and forced to sign a confession. The court's refusal is the basis for assignment of error No. 8.
Further, in support of his contention the confession was not freely and knowingly given, the defense sought to call Grover Craft, Jr., a minute clerk for the Twenty-fourth Judicial District Court, as a rebuttal witness to show the defendant had filed motions to obtain medical treatment into the record. The trial judge refused to admit the presentation of the testimony to the jury. This refusal forms the basis for assignment of error No. 10. The defendant contends he has been denied the right to rebut the State's allegation of the validity of the confession as he is entitled to do under R.S. 15:451. Also, the defense submits that the trial court further erred in failing to take judicial notice of the court records (the motions for medical treatment) filed in Division H of the same court.
Since these assignments of error are interrelated, they will be treated as one.
In State v. Raymond, supra, at p. 340, the court held that "[w]hen an out-of-court statement is offered to prove circumstantially the declarant's state of mind, it is non-hearsay. It is admitted in evidence, not to prove the truth of the facts recited, but to prove that utterance occurred as a basis for inference. [citation omitted]." Consequently, the court in that case held that the murdered victim's utterance as related by the witness was admissible because it was circumstantial evidence of the victim's state of mind or emotional attitude toward the defendant.
It was held in State v. Ratcliff, 416 So.2d 528, 532 (La.1982) that "evidence is not hearsay if introduced to show that an utterance occurred or that a conversation has taken place rather than to show the truth of the matter. State v. Naas, 409 So.2d 535 (La.1981)." See also State v. Huizar, 414 So.2d 741 (La.1982).
Here the defense contends "[d]efendant sought by circumstantial evidence of his own statements to show that he had been beaten and denied medical treatment." Clearly, from the jurisprudence, such statements could be admitted only to evidence the declarant's state of mind at the time of the utterance or simply to show that the utterances had been made. However, the defense sought their admission and urges their consideration as circumstantial evidence that the defendant was beaten by the investigating officers. Since neither Mr. McDowell nor Mr. Craft witnessed any beating of the defendant, they cannot testify as to the truth of the defendant's allegations of a beating.
The defense also takes exception to the fact that the trial court, in Section D, refused to take judicial notice of the court records filed in Section H of the Twenty-fourth Judicial District. R.S. 15:422(7) states, in pertinent part, that "[j]udicial cognizance is taken of .... matters pending in the court taking such cognizance and who are its attorneys." R.S. 15:459 states that:
"Whenever, during the trial of any criminal case, either party may desire to offer in evidence any record, paper or document belonging to the files or records of the court in which the trial is proceeding, the presiding judge shall, at the request of such party, direct the clerk to produce such record, document or paper, in order that the same may be used in evidence; and it shall not be necessary for the clerk in any such case to make a copy of such record, document or paper."
See also R.S. 13:3723 which provides similarly, expanding its applicability for "any suit or process, whether civil or criminal...."
In a case similar to the one presented here, the court in State v. Landry, 388 *249 So.2d 699, 705 (La.1980) discussed the purpose of these statutes as follows:
"As can be seen, the statutes simply provide a mechanism whereby a party seeking to make evidentiary use of a record, paper or document already in the court's files or records can do so without the necessity of obtaining a copy of the paper, record or document to be introduced. The party need only, under the statutes, request that the court instruct the clerk to produce the original. The statutes are therefore designed for the convenience of the parties in the production of evidence, but make no mention of the admissibility of such evidence after it is produced by the clerk."
The defendant, Landry, requested that documents evidencing exculpatory statements made by his alleged accomplices, which had been admitted into evidence at their respective trials, be admitted into his evidence at his trial. The defendant sought to have these out-of-court statements introduced to prove the truth of the matters asserted in those documents and cited R.S. 13:3723 and R.S. 15:459.
The court, in deciding, at page 706, whether a statutory exception to the inadmissibility of hearsay was provided for by these statutes, determined that:
"The statutes involved in the instant case certainly do not, by their express terms, provide for an exception to the hearsay rule. Nor do they give any guarantee that all evidence in the court's files or records is trustworthy. In short, the statutes provide no indication that the legislature intended to create a broad exception to the hearsay rule by their enactment.
Since the evidence sought to be introduced was hearsay, and did not fall within any recognized exception to the rule that such evidence must be excluded, the trial court did not err in refusing to allow its admission."
Further, it may well be construed that the defendant made the requests for medical assistance, alleging a beating, in an attempt to neutralize the damaging effect of his confession. State v. Melerine, 236 La. 929, 930, 109 So.2d 471, 486 (1959) held that "[s]elf serving declarations by an accused, unless a part of the `res gestae', are not admissible in evidence. State v. Vernon, 197 La. 867, 2 So.2d 629; State v. McDonald, 224 La. 555, 70 So.2d 123." Clearly, the allegations of a beating and the defendant's requests for medical treatment are not a part of the res gestae and, accordingly, would not be admissible.
For the reasons stated, therefore, these assignments of error have no merit.

ASSIGNMENT OF ERROR NO. 11
The defendant in this assignment of error contends there was insufficient evidence to support a conviction. In support, the defense points out that the alleged victim of the armed robbery was unable to testify as to the details of the event, such as the date and the amount of money. She identified the defendant as the perpetrator but was unable to give a height description even though he was six feet five inches (6'5") tall. She originally stated he had a grey streak in his hair, but a mug shot taken one week later contradicted this description. The victim was further unable to identify the gun presented by the defense as the weapon used in the robbery of the convenience store. In sum, the defense submits that the failures and discrepancies of the victim's testimony were such that without the defendant's illegally obtained confession, no rational trier of fact could have found the defendant guilty of armed robbery.
The standard of review for the sufficiency of evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Sweeney, 443 So.2d 522 (La.1983); State v. Cockerham, 442 So.2d 1257 (5th Cir.1983). It is well settled that an accused party *250 cannot be legally convicted on his own uncorroborated confession without proof that a crime has been committed by someone; in other words, without proof of the corpus delicti. State v. Simmons, 443 So.2d 512 (La.1983); State v. Mullins, 353 So.2d 243 (La.1977); State v. Morgan, 157 La. 962, 103 So. 278 (1925). Once the corpus delicti has been independently established, a confession alone may be used to identify the accused as the perpetrator of the crime. United States v. Opdahl, 610 F.2d 490 (9th Cir.1979), cert. denied, 444 U.S. 1091, 100 S.Ct. 1056, 62 L.Ed.2d 780 (1980); United States v. Johnson, 589 F.2d 716 (D.C.Cir. 1978); State v. Reed, 420 So.2d 950 (La. 1982) (Calogero, J., concurring); State v. Freetime, 334 So.2d 207 (La.1976); 1 H. Underhill, Criminal Evidence § 36, at 18 (6th Ed. P. Herrick 1980 Supp.); 1 F. Wharton, Criminal Evidence § 691, at 490 (13th Ed. C. Torcia 1972).
In the instant case, the victim of the armed robbery testified that the defendant entered the Lil' General Store where she was employed as a cashier and after getting a can of beer from the cooler, the defendant returned to the counter in the store and at gunpoint demanded that she turn over the money in the register, which she did. The defendant then left the store and walked away.
Although defense counsel pointed to certain deficiencies in the victim's testimony, the victim was positive in her in-court identification of the defendant as the person who had robbed her at gunpoint. Since the corpus delicti of the armed robbery was established by sufficient evidence independent of the defendant's confession, the confession, if otherwise properly admissible, may be considered together with all of the other evidence in our review. The confession matches identically the events as described by the victim. Viewing this evidence in the light most favorable to the prosecution, a rational trier of fact could have determined beyond a reasonable doubt that the defendant committed the crime with which he was charged.
Therefore, we hold this assignment of error has no merit.

CONCLUSION
We therefore remand this case to the district court for another trial on the motion to suppress. Because retrial of the motion may eliminate the error here, we do not reverse defendant's conviction at this time. If the trial court finds that the confession was inadmissible, it must grant defendant a new trial. Otherwise, we reserve to defendant the right to appeal once more any adverse ruling on the motion. In the absence of such an appeal, his conviction and sentence will be affirmed. State v. Kennedy, supra.
CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; CASE REMANDED FOR RETRIAL OF THE MOTION TO SUPPRESS.
NOTES
[1] Although the record does not contain a Prieur Notice Form, the transcript of the proceedings on the motion to suppress the confession indicates the State had given the required notice and the defendant apparently acknowledged having received same.