STATE OF LOUISIANA      *      NO. 2022-K-0542

VERSUS      *      COURT OF APPEAL

ORLANDO BROWN      *      FOURTH CIRCUIT

     *      STATE OF LOUISIANA

     *

     *

* * * * * * *

**LOBRANO, J., DISSENTS AND ASSIGNS REASONS.**

*JCL*

         I respectfully dissent. I find that the statements made by the defendant, Orlando Brown ("Defendant"), to the police are not subject to suppression under *Miranda*. As such, I would exercise our Court's supervisory jurisdiction, find no error by the district court, and deny the relief sought by Defendant for the following reasons:

**FACTS**

         Defendant appeared at the New Orleans Police Department ("NOPD") Fourth District station on September 11, 2021 at approximately 8:00 p.m.[1] to file a criminal complaint. Defendant met with a Fourth District police officer at 8:06 p.m. and began to report illegal conduct by the alleged rape victim in the present case ("Victim").

         At 8:13 p.m., the interview was interrupted when Defendant was handcuffed and advised that the NOPD Sex Crimes Unit was investigating the rape charged in the present case and that he would be detained until the sex crimes detectives arrived to interview him. In a telephone conversation, an officer from the Sex Crimes Unit directed a Fourth District officer to not question Defendant any

---

[1] All times provided herein are taken from the officers' bodycam footage, with the exception of the time the Sex Crime Unit detectives arrived at the Fourth District station and Defendant was advised on his *Miranda* rights, which information is contained in the police report and in the *Miranda* rights form.

1

further until the Sex Crimes Unit detectives arrived. The video footage shows that at 8:13 p.m., the need to *Mirandize* Defendant is mentioned, and Officer Barnett hands a *Miranda* card to Officer Lauer. Officer Lauer does not provide *Miranda* warnings on videotape. However, at 8:23 p.m., Officer Lauer reports that Defendant has been *Mirandized*.

From the time Defendant was detained to the time the Sex Crimes Unit detectives arrived, the Fourth District officers did not question Defendant. Nevertheless, Defendant made numerous unsolicited statements during this time period.

Detectives LaBorde and Kennelly of the Sex Crimes Unit arrived at approximately 9:40 p.m. Defendant was taken to the interrogation room at that time. Defendant agreed to make a statement and signed a *Miranda* rights form (NOPD Form 153). The detectives then took Defendant's statement.[2] Defendant was arrested pursuant to a warrant for battery on a dating partner and second-degree rape. The meeting with the detectives ended at approximately 10:10 p.m.

After the conclusion of the interrogation, a Fourth District officer escorted Defendant to a seating area outside of the police station pending his transport to Central Lock-up. Defendant remained in the seating area until approximately 10:24 p.m., when he was placed in a police unit at and driven to Central Lock-up. Defendant made numerous unsolicited statements while he was in the seating area.

## LEGAL DISCUSSION

I initially find that all evidence was properly admitted at the hearing. The State is not required to call witnesses if the burden can be met through documentary and electronic evidence. The court acted within its discretion in

---

[2] The formal interview of Defendant conducted by Detectives LaBorde and Kennelly is not captured in the bodycam footage. The detectives made an audio recording of the statement. The State did not submit the audio recording at the suppression hearing. The police report does not identify the statements made during the formal interrogation, other than to note that "[t]he suspect denied the [rape] allegations."

accepting the evidence without officers' testimony. The Supreme Court has explained:

> we find resolution of the question in La.Code Evid. art. 1101(C)(1) which explicitly states the provisions of the Code of Evidence are not applicable to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under [La.Code Evid.] Article 104." As stated in Article 104, "[p]reliminary questions concerning ... the admissibility of evidence shall be determined by the court ... In making its determination it is not bound by the rules of evidence except those with respect to privileges." Accordingly, we find the exclusionary clause of La.Code Evid. art. 1101(B)(8), when considered in *pari materiae* with La.Code Evid. art. 104, may be read to generally exempt hearings on motions to suppress evidence from the rules of evidence except with respect to privileges.

*State v. Shirley*, 08-2106, p. 6 (La. 5/5/09), 10 So.3d 224, 228. *See also State v. Taylor*, 16-1124, p. 13 (La. 12/1/16), 217 So.3d 283, 293 (finding no error in the district court's reliance on an unauthenticated police report in a *Prieur* hearing).

Next, I find that (1) Defendant was not in custody, for *Miranda* purposes, during his interview at the police station prior to being handcuffed and detained, and thus *Miranda* warnings were not required for statements made during the initial statements; (2) the statements Defendant made while detained, both before his formal interrogation and after his formal interrogation, are not subject to the requirements of *Miranda* as they were voluntary and/or spontaneous; and (3) the statements made by Defendant during his formal interrogation are admissible because Defendant's waiver of his rights was knowing and voluntary.

The obligation to provide *Miranda* warnings attaches when a person is questioned by law enforcement after he has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Miranda,* 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966); *State v. Payne,* 01-3196, p. 7 (La. 12/4/02), 833 So.2d 927, 934. As such, *Miranda* warnings are applicable only

when it is established that the defendant has been subject to a "custodial interrogation." *State v. Hunt,* 09-1589, p. 11 (La. 12/1/09), 25 So.3d 746, 754. Custody is decided by two distinct inquiries: an objective assessment of the circumstances surrounding the interrogation to determine whether there is a formal arrest or restraint on freedom of the degree associated with formal arrest; and, second, an evaluation of how a reasonable person in the position of the interviewee would gauge the breadth of his freedom of action. *Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 1529, 128 L.Ed.2d 293 (1994); *State v. Manning*, 03-1982, p. 24 (La. 10/19/04), 885 So.2d 1044, 1073. Interrogation under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect. *Payne,* 01-3196, p. 14, 833 So.2d at 938.

"Spontaneous and voluntary statements, not given as a result of police interrogation or compelling influence, are admissible without *Miranda* warnings even where a defendant is in custody." *State v. Castillo,* 389 So.2d 1307, 1310 (La. 1980), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981) (citations omitted). "Police officers are not obliged to ignore spontaneous and unsolicited statements by someone in custody, as long as the statements do not result from police-initiated custodial interrogation or questioning 'reasonably likely to elicit an incriminating response.' " *State v. Ross*, 95-1798, p. 2 (La. 3/8/96), 669 So.2d 384, 386.

I will now apply the legal principles set forth above to determine whether *Miranda* applies to the statements made by Defendant to the Fourth District officers. I start with the statements made when Defendant first appeared at the police station. Defendant started to report illegal activity by Victim. Approximately seven minutes into the interview, the interview was interrupted and

4

Defendant was handcuffed and detained pending the arrival of the Sex Crime Unit detectives. The question arises as to whether Defendant was "in custody" at the time of his initial interview.

In *State v. Blank*, 04-0204, p. 8 (La. 4/11/07), 955 So.2d 90, 102, two officers testified that they went to the defendant's automotive store and that the defendant agreed to accompany them to the police station to answer questions. The officers testified that the defendant was free to leave before he confessed to the crimes. *Id.* In *Blank*, the defendant was not administered *Miranda* warnings at his place of business nor was he handcuffed while he traveled to the station in the front passenger seat of the police vehicle. *Blank,* 04-0204, pp. 8-9, 955 So.2d at 102. The Louisiana Supreme Court found that the defendant was not in custody when he voluntarily agreed to accompany the officers to the station. As such, the Court concluded that the defendant failed to show that he was arrested on less than probable cause and that the subsequent statements should have been suppressed as fruits of an illegal detention. *Blank,* 04-0204 at 8-9, 955 So.2d at 102.

In *State v. Allen,* 95-1754, pp. 7-8 (La. 9/5/96), 682 So.2d 713, 720, the Louisiana Supreme Court found that the defendant voluntarily accompanied the deputies to the substation. The Court found that even assuming the defendant was transported by a patrol car to the station, there was no indication that the defendant was forced to go, and that there was no evidence suggesting the defendant was not free to terminate the interview at any time and leave. The Court concluded there was no restraint on the defendant's freedom.

In *State v. Hankton*, 12-0466, pp. 17-18 (La. App. 4 Cir. 4/30/14), 140 So.3d 398, 410, the defendant contacted the police department to report concerns for a 76-year old for whom she was the caretaker. The defendant agreed to assist in the investigation in any way possible and agreed to be interviewed. The defendant was

5

not restrained during the interview. This Court held that the defendant was not in custody, for *Miranda* purposes, during her interview at the police station.

In *State v. Obney,* 505 So.2d 211, 214-18 (La. App. 3 Cir.1987), officers arrived at the defendant's residence dressed in street clothes and driving unmarked cars. They knocked on the door and were invited in. No guns were drawn, no handcuffs were displayed, and no threatening statements or actions were made. The court recognized that the defendant voluntarily accompanied the police to the station house, and whether sincere or not, fostered the belief that he desired to assist the officers' investigation. Even though the defendant was never expressly told that he did not have to accompany the officers to the station, the court found that the defendant was not under arrest at the time he gave a statement to the police at the station. The court found that the evidence did not indicate the defendant was coerced into traveling to the police station and that the defendant was not in custody or detained prior to giving a statement.

In *State v. Moore*, 46,252, p. 21 (La. App. 2 Cir. 5/18/11), 69 So.3d 523, 534, the defendant voluntarily rode with a patrol officer to the police station for questioning, was never placed in handcuffs, was told on several occasions that he was not under arrest, and answered the questions he wanted to and refused to answer the questions he did not want to answer during the interview. The Second Circuit held that the defendant was not "in custody" for *Miranda* purposes at the time he gave his statement to the police.

In the case *sub judice*, Defendant appeared at the Fourth District station to report a criminal matter. Prior to the interruption of his interview with the police, Defendant was not restrained. Based on these facts, I find that Defendant was not in custody, for *Miranda* purposes, during his interview at the police station prior to being handcuffed and detained, and thus *Miranda* warnings were not required for statements made during the initial interview.

After Defendant was detained, the Fourth District officers did not question Defendant. Nor did the officers question Defendant after he was interrogated by the Sex Crime Unit detectives and was waiting to be transported. All statements made by Defendant to Fourth District officers during these two time periods were unsolicited. Accordingly, I find that the statements Defendant made while detained, both before his formal interrogation and after his formal interrogation, are not subject to the requirements of *Miranda* and are thus admissible.

Finally, I turn to the statements made by Defendant during his formal interrogation. Defendant agreed to make a statement to the detectives and signed a *Miranda* rights form. I disagree with the majority's conclusion that the State failed to prove that Defendant's waiver of his rights was knowing and voluntary.

In *Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 1141, 89 L.Ed.2d 410 (1986) (citations omitted), the Supreme Court discussed the nature of a voluntary, knowing and intelligent waiver of *Miranda* rights:

> The inquiry has two distinct dimensions. First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

A determination of whether a waiver of constitutional rights was knowing and voluntary is made on a case-by-case basis, and such a determination rests upon the totality of the circumstances. *State v. Workman*, 14-559, p. 22 (La. App. 5 Cir. 4/15/15), 170 So.3d 279, 293 (citation omitted).

Although the record in this case does not show that Defendant was specifically questioned as to his understanding of the rights delineated in *Miranda*, a knowing and voluntary waiver of those rights may be inferred from the circumstances surrounding the statement. Further, the record is devoid of any

suggestion Defendant was intimidated, coerced or deceived in any way which would have led him to waive his rights for any reason other than as a function of his free will. The rights form signed by Defendant provided: "Do you understand the rights I have read/explained to you?" Prior to his formal interrogation, Defendant repeatedly told the Fourth District officers that he wanted to give a statement to the sex crimes detectives and submit to a lie detector test in order to immediately disprove the rape allegations against him. And after the conclusion of his formal interrogation. Defendant continued to make statements relative to the investigation. In the bodycam footage recorded immediately after his interrogation, Defendant appears relaxed and is conversing freely with the Fourth District officers.

I note also Defendant's past experience with the criminal justice system. Defendant stated that he has been arrested on domestic charges on three prior occasions and had two prior drug convictions. "[A]n individual's prior experiences with the criminal justice system are relevant to this inquiry because they may show the individual has, in the past, and, perhaps, on numerous occasions, been informed of his constitutional rights against self-incrimination both by law enforcement and judicial officers." *State v. Robertson*, 97-0177, p. 26 (La. 3/4/98), 712 So.2d 8, 30 (citing *State v. Green*, 94-0887, p. 17 (La. 5/22/95), 655 So.2d 272, 284). "One of the ways that people are educated and gain an understanding of things is through repetition, through repeated exposure, and it [is] permissible for the trial court to read [an individual's] Miranda waivers ... against [that individual's] criminal history." *Robertson*, 97-0177, p. 26, 712 So.2d at 30 (quoting *Green*, 94-0887, p. 17, 655 So.2d at 284).

Based on the totality of the circumstances, I find that Defendant's waiver of his rights was knowing and voluntary.

8

Although I find that the State produced uncontested evidence of the statements' knowingly and voluntary nature, I find that a discussion is relevant as to the option to vacate the ruling and remand the case to the district court to reopen the hearing on the motion to suppress to allow for officer testimony, especially in light of the court's refusal to continue the hearing to allow for the officer's testimony upon request by the defense and State,[3] the State's decision not to file a writ on the continuance denial,[4] and the minimal nature of State's Appellate Brief.[5]

---

[3] Both the State and the defense subpoenaed Sex Crime Unit Detective Brandon McDonald, who participated in the follow up investigation of the alleged rape and prepared the police report which was submitted at the suppression hearing. McDonald did not participate in the original rape investigation and was not present when Defendant was interviewed by Detectives LaBorde and Kennelly at the Fourth District station.

[4] I note that the division which ruled on the motion to suppress now has an *ad hoc* judge presiding.

[5] The entirety of the State's response to the writ is reprinted below:

**STATEMENT OF RELEVANT FACTS**

The defendant filed a motion to suppress statement and a motion for preliminary examination. Both the State and the defense subpoenaed Officer Brandon McDonald, who failed to appear. Both the State and the defense moved for a continuance, which was denied. During the oral motion for continuance the State explained that the officer was unavailable. The trial court ordered that the hearing proceed. The State submitted the arrest warrant, police report, *Miranda* form, and body worn camera of the arrest. The Court accepted all evidence submitted and denied the defendant's motion to suppress statement.

**ISSUE PRESENTED**

I. Did the trial court abuse its discretion when it received documents and exhibits into evidence at a preliminary hearing when the lead detective was unavailable and did the evidence submitted support a denial of the motion to suppress statement?

**LAW AND ARGUMENT**

I.      **The trial court did not abuse its discretion in admitting the evidence.**

*a) All evidence was properly admitted at the hearing.*

The State is not required to call witnesses if the burden can be met through documentary evidence. In this case the court appeared to implicitly find that the officer was unavailable. As such, the court acted within its discretion in accepting the evidence despite no officer being present to authenticate them. The Supreme Court has explained:

> we find resolution of the question in La.Code Evid. art. 1101(C)(1) which explicitly states the provisions of the Code of Evidence are not applicable to "[t]he determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under [La.Code Evid.] Article 104." As stated in Article 104, "[p]reliminary questions concerning ... the admissibility of evidence shall be determined by the court ... In making its determination it is not bound by the rules of evidence except those with respect to

9

A remand is an option especially when a defendant objects to the admission of a confession or inculpatory statement claiming that the State failed to produce pertinent officers' testimony and questioning the underlying factual issues and the voluntariness of his statements. A defendant objecting to the admission of a confession or inculpatory statement is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). *See State v. Joseph*, 454 So. 2d 237 (La. App. 1984)(in absence of rebutting testimony at suppression hearing regarding specific and detailed allegations of coercion made by a defendant against two officers, trial judge may have erred by finding confession voluntary without hearing testimony of the officers who allegedly coerced the defendant, and thus Court of Appeal was compelled to remand case for retrial of motion to suppress). Pre-trial ruling remands are favored at times to promote judicial economy and fairness because a pre-trial ruling on a motion to suppress a confession or inculpatory statement is

---

privileges." Accordingly, we find the exclusionary clause of La.Code Evid. art. 1101(B)(8), when considered in *pari materiae* with La.Code Evid. art. 104, may be read to generally exempt hearings on motions to suppress evidence from the rules of evidence except with respect to privileges.

*State v. Shirley*, 2008-2106 (La. 5/5/09), 10 So. 3d 224, 228.

*b) The body worn camera footage does not contain Miranda warnings.*

A review of the body worn camera footage reveals that the police did not read the defendant his *Miranda* rights prior to the questioning that took place while the defendant was in custody. Notably, the defendant gave a statement prior to being handcuffed. Whether the defendant was "in custody" prior to being handcuffed[1] is a question that the trial court did not reach. However, the evidence submitted makes clear that the police knew of the open warrant for defendant during his initial questioning and prior to him being handcuffed.

Additionally, as the defendant noted in his writ application, the *Miranda* form contains an acknowledgment of rights, but no waiver. As such, the State was unable to prove that the defendant was advised of his *Miranda* rights.

In conclusion, the State cannot argue in good faith that the evidence submitted at the hearing was sufficient to carry its burden of proof regarding the constitutionality of the defendant's statement.

---

[1] The defendant was handcuffed at minute marker 7:43.

binding at the trial on the merits. If the confession is ruled admissible, no additional hearing by the judge to determine admissibility is required at the trial. *See* La. C.Cr.P. art. 703(F); *State v. Whatley,* 320 So.2d 123, 127 (La. 1975).

Nonetheless, I do not find that a remand is necessary because the trial judge did not err in its findings without hearing testimony of the officers. Defendant failed to show that an officer's testimony would prove that he was intimidated, coerced or deceived in any way. Based on the totality of the circumstances, I find that a remand is unnecessary.

## CONCLUSION

For the above reasons, I would exercise our Court's supervisory jurisdiction and deny relief sought by Defendant.

11