DUFRESNE, Judge.
Defendant, Lawrence Floyd was charged by grand jury indictment with forcible rape in violation of La.R.S. 14:42.1. Trial was held and the defendant was found guilty as charged and was sentenced to forty years at hard labor, the first five years to be served without benefit of probation, parole or suspension. From this conviction and sentence the defendant has appealed and has assigned three assignments of error.
FACTS
On July 13, 1985, at approximately 5:30 a.m., the victim was working at Denny’s Restaurant located on the Westbank Expressway near the Oakwood Shopping Center in Jefferson Parish, La. She left the restaurant and was in her car ready to leave when a man grabbed her face and forced himself into the car with her. The assailant demanded her money, and the victim gave him the tips she had earned that night. The victim also took off her rings and watch and gave them to her assailant. The man then insisted she had more money and when she explained that she didn’t go to work with money, he called her a liar and threatened to kill her. The victim struggled with him. He then raised her skirt, pulled down her pantyhose, and got on top of her. He had just begun to have intercourse when the victim told him that she heard a car door. The assailant turned and apparently saw someone as he instructed her to count to fifty before raising her head, then he got out of the car.
The victim waited until she finished her count to fifty, then raised her head and opened the car door. She saw Robert Stall-worth, a man who worked with her at the restaurant, and screamed to him what had happened. Stallworth, a dishwasher at Denny’s Restaurant, saw that the victim was bleeding from the mouth, saw her stockings pulled down and realized then what had happened. Immediately he ran into the restaurant to get help and started chasing the man he had seen emerge from the victim’s car. He fled into the wooded *441 area near the Oakwood Shopping Center where he was eventually captured by the men who had chased him.
The police arrived and arrested the defendant. He was transported back to the crime scene where the victim made an immediate and positive identification of him. After the defendant was searched, the victim identified the jewelry that had been stolen from her by the defendant.
ASSIGNMENT OF ERROR NO. 1

Exclusion of Evidence

The defendant contends the trial court erred in forbidding the defense from presenting evidence from witness Randy Sexton.
After the state rested its case, the defense called Randy Sexton, defendant’s employer. Defense counsel attempted to question Sexton as to the defendant’s work schedule, but the state objected that the testimony constituted alibi evidence. Defense counsel argued that this was not alibi evidence because he was not denying that defendant was at the crime scene. Rather he argued that the purpose of this testimony would be to explain the defendant’s presence in the area by showing that he was on his way to work in that vicinity.
The court listened to the testimony that the defense witness would give and then ruled to exclude the testimony on the ground that it was alibi evidence, and the defense stated at the outset of the trial that it did not intend to present alibi evidence.
In his appellate brief the defendant again argues the trial court’s ruling was erroneous because the evidence which the defense sought to elicit from Sexton was not alibi evidence. He also argues (for the first time here) that the ruling was erroneous because the state had not initiated discovery of alibi witnesses under La.C.Cr.P. art. 727; accordingly, the defendant had no reciprocal duty under the article to disclose alibi evidence. Therefore, the state should not have been allowed to argue at trial any prejudice for such failure.
The state responds in its brief with an acknowledgment that the excluded testimony was not properly characterized as an alibi; however, it argues any error in its exclusion was plainly harmless beyond a reasonable doubt.
The excluded testimony does not appear to be in the nature of an alibi since the witness planned only to indicate that the defendant would have been near the crime scene because he was en route to work and was not being offered to show that the defendant was not at the crime scene. Thus, the trial court’s ruling excluding the testimony on the basis that it was alibi evidence is improper or erroneous.
However, La.C.Cr.P. art. 921 provides that “a judgment or a ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect the substantial rights of the accused.” This court has consistently applied this article as interpreted by the Louisiana Supreme Court in State v. Gibson, 391 So.2d 421 (La.1980), which adopted the “harmless error test formulated by the U.S. Supreme court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824. 17 L.Ed.2d 705 (1967). The test requires the reviewing court to focus on the erroneously admitted evidence or other constitutional error and ask whether there is a reasonable possibility it might have contributed to the conviction. In response, the court must be able to declare a belief that the error was harmless beyond a reasonable doubt, State v. Diaz, 461 So.2d 1099, 1104 (La.App. 5th Cir.1984).
Thus, applying the Chapman standard to the present case, the exclusion of Sexton’s testimony was harmless error. This testimony would have only explained that the defendant was at the crime scene area because he was en route to work and definitely would not disprove his guilt. The identification testimony of the victim and Robert Stallworth, together with the fact that the defendant fled the crime scene and had to be chased and captured, coupled with the fact that he had the victim’s stolen *442 jewelry in his possession when captured, all support the jury’s rejection of the defense argument.
This assignment is without merit.
' ASSIGNMENT OP ERROR NO. 2

Sufficiency of Evidence

A claim of insufficient evidence is judged by whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt, Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Concerning circumstantial evidence La.R.S. 15:438 provides: “[t]he rule as to circumstantial evidence is: Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.” and, the state still has the burden of proving every element of the crime beyond a reasonable doubt.
Relative to appellate review, our courts now employ a single standard for reviewing claims of evidentiary insufficiency applicable to circumstantial evidence cases as well as to cases involving direct evidence. In State v. Captville, 448 So.2d 676 (La. 1984), the Louisiana Supreme Court stated:
An appellate court reviewing the sufficiency of evidence must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. As stated by this court in State v. Chism, 436 So.2d 464, 470 (La. 1983), La.R.S. 15:438 “may not establish a stricter standard of review than the more general reasonable juror’s reasonable doubt formula, [but] it emphasizes the need for careful observance of the usual standard, and provides a helpful methodology for its implemantation in cases which hinge on the evaluation of circumstantial evidence”.
The defendant was convicted of forcible rape, a violation of La.R.S. 14:42.1, which reads as follows:
A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
B. Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.
Accordingly, to prove a charge of forcible rape, the state has the burden of proving that (1) anal or vaginal intercourse occurred; (2) without the lawful consent of the victim; (3) the victim’s resistance is prevented by force or threats of physical violence; and (4) the victim reasonably believes that such resistance would not prevent the rape. If each of these elements, when viewed in the light most favorable to the state, has been proved beyond a reasonable doubt, then the state has presented sufficient evidence to comply with Jackson v. Virginia, supra. State v. Richardson, 425 So.2d 1228 (La.1983).
In the instant case, the victim’s testimony establishes that a man entered her car, pushed her over and demanded her money while threatening to kill her. After he took her money and jewelry, he told her that he was going to kill her anyway because she would tell the police what he did. The victim further testified that sexual intercourse then occurred which was without her lawful consent. She struggled with her assailant, but was held down and could not get away.
The victim’s testimony that the intercourse had forcibly occurred was supported *443 by the witness Stallworth who testified that she emerged from the car screaming that she was raped, and that he then observed blood on her face and her torn pantyhose.
Further, the identification of the defendant was made by the victim and Robert Stallworth. She had given a description of the defendant to the police immediately following the rape, including his clothing, grey T-shirt and blue pants. The victim was unable to identify the defendant at the trial because his appearance was noticeably changed. (The men who had chased and captured the defendant each identified the defendant at trial but noted that his appearance was changed.)
Robert Stallworth confirmed the description given by the victim of the clothing worn by the defendant at the time of the crime, and at the trial he was able to identify the defendant and those articles of clothing. Mr. Stallworth stated at the trial that it was the defendant whom he observed in the victim’s car when he was sweeping the parking lot. He stated that it was between 5:30 a.m. and 5:45 a.m. when he first noticed the defendant in the car after which he watched him for some five to eight minutes from a distance of some ten to fifteen feet. Stallworth further testified that when the defendant got out of the car and started to walk away, it was turning daylight and the man passed so close to him that he “could have put my hands on him ...”
Deputy William Garner and Gretna Officer Eugene Titman, the officers who first encountered the defendant after he was chased and caught, and Deputy John Meeks, the officer who first arrived at the crime scene and interviewed the victim, all confirmed that the victim had made an immediate and positive identification of the defendant at the crime scene. Deputy Garner and Officer Titman also confirmed that the victim’s jewelry was*' found in the defendant’s pockets when he was first searched upon arrest, but that this was left in defendant’s pockets because it was not suspected at the time that the jewelry was stolen. Deputy Meeks confirmed that when he later searched defendant’s pockets prior to transport to Central Lockup, he found the jewelry. He had then placed it on the hood of the squad car at which point the victim saw it and identified it as hers.
The defense counsel examined the victim about the events surrounding the identification of the defendant at the crime scene, and the jury therefore had full disclosure of those considerations as well. The victim testified that when the subject was brought by the officers to Denny’s, she was in the bathroom washing her face. One of the other women employees came in and got her. She stepped to the entrance of the restaurant where she saw the defendant near a squad car flanked on either side by police officers. She stated that she was sure of her identification of the defendant as her assailant. The victim further stated that she identified her jewelry after noticing it on the hood of the squad car. The officers confirmed that it was never suggested to the victim that she should identify the defendant. Rather, she was asked whether she could identify the suspect. It was confirmed that the victim inadvertently saw her jewelry on the hood of the squad car when she identified it.
The defendant did not testify. He attempted to present evidence, which, however, was excluded, that at the time of the crime he would have been traveling in the neighborhood on his way to work. Defendant’s trial counsel argued to the jury that the defendant was a victim of circumstances. He offered as an hypothesis of innocence and as the reason that the defendant had the victim’s jewelry, that he had found it abandoned on the ground and picked it up.
Defendant’s argument did not persuade the jury that a misidentification had occurred. In Captville, supra, at 680, the court held that “[wjhen a case involves circumstantial evidence, and the jury reasonably rejects the hypothesis of innocence presented by the defendant ..., that hypothesis fails, and the defendant is guilty unless there is another hypothesis which *444 raises a reasonable doubt.” The court further explained that, “[a]n evaluation of the reasonableness of other hypotheses of innocence provides a helpful methodology for determining the existence of a reasonable doubt. As we have recognized in such cases as State v. Wright, 445 So.2d 1198 (La.1984), State v. Graham, 422 So.2d 123 (La.1982), and State v. Sutton, 436 So.2d 471 (La.1983), the court does not determine whether another possible hypothesis has been suggested by defendant which could explain the events in an exculpatory fashion. Rather, the reviewing court evaluates the evidence in the light most favorable to the prosecution and determines whether the alternative hypothesis is sufficiently reasonable that a rational juror could not 'have found proof of guilty beyond a reasonable doubt.’ Jackson v. Virginia, above.”
The jury acted reasonably in rejecting the defendant’s hypothesis that he was a victim of circumstances and that a misiden-tification had occurred. The facts established by the direct evidence and inferred from the circumstantial evidence are sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of the crime of forcible rape and that no misidentification occurred.
This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 3

Patent Error

Appellant next argues any and all error patent on the face of the record. We have reviewed the record and found none.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.