504 So.2d 1132 (1987)
STATE of Louisiana
v.
John O. HAWKINS.
No. 86-KA-317.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1987.
John M. Mamoulides, Steve Wimberly, Dorothy A. Pendergast, Office of Dist. Atty., Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOWES, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
John O. Hawkins was convicted of the forcible rape of a 13-year-old boy in Jefferson Parish and sentenced to 15 years at hard labor.
His primary assignment of district court error is that the evidence presented to a 12-person jury was insufficient to convict him of forcible rape. The trial judge allegedly erred in not rendering a post-conviction judgment of acquittal and/or in not modifying the verdict by rendering a judgment of conviction to a lesser and included responsive offense, sexual battery.
Also, Hawkins argues that his 15-year sentence was constitutionally excessive and should be substantially lessened.
We find that the evidence supports the verdict and sentence, and we affirm them.
Forcible rape, LSA-R.S. 14:42.1, is defined as follows:

*1133 "Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape."
Hawkins contends he should have been found guilty of sexual battery, a lesser charge, which is engaging in enumerated sexual acts with another person, not the spouse of the offender, when the other person has not yet attained 15 years of age and is at least three years younger than the person charged. Hawkins was 19 years old when the instant rape occurred, making him six years older than the victim.
The victim testified that he was riding his bicycle near dark, Hawkins "... grabbed me and the bike ..." and "... brought me and the bike ..." up a set of stairs and into an apartment. The victim was asked: "Did he force you against your own will to go into his apartment?" The response: "Yes, sir."
Once inside the apartment with the door locked, the victim said Hawkins undressed him and put his penis inside his rectum for approximately 10 minutes. The victim stated that he was afraid and tried to escape, but that Hawkins "... was on top of me. I couldn't move."
The victim emphasized that at no time did he encourage Hawkins or give consent. He did not immediately tell his grandmother later when he arrived at his home. He was bleeding and he was afraid. After cleaning himself, the victim testified, he did tell an aunt what had happened to him and the police were contacted.
Hawkins, when questioned by an officer, initially denied any involvement whatsoever with the victim but later changed his story, saying that the sexual activity was consensual.
Appellant testified at trial that the victim had gone willingly upstairs to Hawkins' apartment and that the victim instituted and freely participated in sexual behavior, including anal intercourse.
Hawkins asked the jury, then the trial judge and now this Court to believe him and not the youthful victim.
When there is conflicting testimony, issues of credibility and believability are within the sound discretion of the trier of facts, in this case the jury, and should not be disturbed on appellate review unless clearly contrary to the testimony and/or evidence. See State v. Richardson, 425 So.2d 1228 (La.1983), State v. Butler, 450 So.2d 764 (La.App. 5th Cir.1984), and many other cases with similar holdings. If the jury believed the victim and not Hawkins, all of the required elements of forcible rape, particularly the use of force preventing the victim from successfully resisting, were proven beyond reasonable doubt and the standard proclaimed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State v. Captville, 448 So.2d 676 (La.1984), was satisfied. Viewing the testimony and evidence in the light most favorable to the prosecution, any rational trier of fact could have found Hawkins guilty as charged.
Following the return of the guilty verdict, Hawkins asked the district judge to render a post-conviction judgment of acquittal or to modify the verdict and render a judgment of conviction to a lesser included and responsive offense, sexual battery. These motions were denied and we find no error in the denials although, as pointed out by Hawkins, this conviction was based mainly on the testimony of a 13-year-old boy.
The testimony of a rape victim, standing alone, can be legally sufficient. See State v. Norman, 448 So.2d 246 (La. App. 1st Cir.1984), at page 249, quoting from State v. Rives, 407 So.2d 1195 (La. 1981). Rapes are usually not committed at noon on the corner of Canal Street and St. Charles Avenue in the front of witnesses and often the testimony of a victim forms most if not essentially all of the prosecution's case.
Hawkins could have received a 40-year prison term. In sentencing the defendant *1134 to 15 years the trial judge, in a lengthy colloquy, went over the LSA-C. Cr.P. art. 894.1 guidelines one by one. He noted that Hawkins had two previous convictions (for theft and for possession of marijuana), that he was in need of correctional treatment, that a sentence of fewer than 15 years would depreciate the seriousness of a crime in which a 13-year-old boy was forcibly raped and that Hawkins' conduct did cause serious harm.
As Hawkins' sentence is in proportion to the nature and severity of the offense and is less than one-half of the statutory maximum, we cannot find it constitutionally excessive. We affirm it and his conviction.
AFFIRMED.