WICKER, Judge,
concurring in part and dissenting in part.
Defendant, Darrell L. Williams (Williams), seeks either a reversal of his conviction or a remand to the trial court for a new trial. Williams also urges that his sentence is excessive and seeks a remand for resentencing. He was convicted as charged of forcible rape in violation of L.S. A.-R.S. 14:42.1 by jury.
On appeal the defendant assigns four errors:
1. That the trial court erred in allowing the state to use its peremptory challenges to remove jurors from the petit jury solely on account of their race, in violation of the equal protection clause of the 14th Amendment to the United States Supreme Court decision in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986);
2. That the trial judge erred in admitting over objection, the hearsay testimony of a state witness who was allowed to testify as to statements made by the victim;
3. That the evidence was insufficient to support the verdict, and
4. That the trial court erred by imposing an excessive sentence.
I concur generally with the majority’s treatment of the above assignment of errors, but dissent from some of the views presented therein.
SPECIFICATION OF ERROR #1: That the trial court erred in allowing the State to use its peremptory challenges to remove jurors from the petit jury solely on account of their race in violation of the equal protection clause of the 14th amendment.
I agree with the majority’s application of the Batson challenge to the case at bar necessitating the need for an evidentiary hearing. However, I do not agree that the evidentiary hearing can only be “practically addressed” in a post-trial atmosphere.
While it is necessary that this case be remanded for an evidentiary hearing in order to “allow the prosecutor the opportunity to establish a racially neutral reason for the use of his peremptory challenges”, State v. Mims, 505 So.2d 747, 751 (La.App. 2nd Cir.1987), I do not agree that all cases should entertain a Batson challenge in a post-trial hearing.
Instead, the better procedure would be to conduct a hearing out of the presence of the jury at the time the challenge is made. All jurors are available at that time for questioning. In addition, the trial judge has the benefit of observing the composition of the petit and/or general venire and can recite that information into the record. Attorneys can state for the record any relevant facts pertinent to the hearing.
Moreover, a hearing at the time of the objections and a ruling by the trial court would prevent the trial of a case by a tainted jury and a subsequent reversal and re-trial. The trial judge can articulate his findings following the hearing. In some circumstances it may be difficult to call the venire back on a later date. In this case a year has elapsed from the time of the trial to the present date. Some jurors have probably moved, etc. Finally, the atmosphere at the time of the jury selection could conceivably be different from that existing post-trial.
The trial judge in this case was sensitive to the different atmosphere and sought to safeguard any problems with memory by having the assistant district attorney write out her reasons for the peremptory challenges and seal these in an envelope for a later hearing. Unfortunately, the trial judge had no guidance as to the appropriate time to conduct such a hearing. In my view, the hearing should occur when the objection pursuant to Batson is made.
SPECIFICATION OF ERROR #2: That the trial judge erred in admitting over objection the hearsay testimony of a state witness who was allowed to testify as to statements made by the victim.
Although the majority states that “[t]he basic record facts concerning the circumstances of the crime are not relevant to the issue presented”, I disagree since specification of errors numbers 2 through 4 require an examination of the record. In addition, I also disagree that “[t]he pertinent facts are that the defendant is black and his rape *155 victim is white” since there are other pertinent facts germane to the errors asserted. Certainly the fact that the defendant is black and his rape victim is white is relevant information for the defendant to assert his Batson challenge; however, there are other pertinent facts as well.
Among these facts is the victim’s testimony that after the defendant raped her and left her apartment, she freed herself and immediately called her friend, Vincent (Caire).
On rebuttal, the defense attorney objected to Caire’s testifying to what the victim told him as hearsay. The trial court allowed the testimony.
Caire testified:
A. Well, she [the victim] called and she said, ‘Vince, can you come over?’ I said, ‘Yeah, why?’ And she said, ‘Well, I just got raped by this big black guy and I don’t know what to do.’ And then I said, ‘Are you kidding?’ And then she said, ‘No, please get over here.’ So I went over there.
Q. Did she sound upset?
A. Yeah.
The victim testified that Caire was the first person she spoke to, having tried to reach her boss but getting a busy signal.
On appeal, the defendant argues that the statement made to Caire by the victim was not res gestae and therefore should have been excluded as hearsay evidence.
In State v. Middlebrook, 409 So.2d 588, 590 (La.1982) the court noted that the first complaint of a rape victim is a recognized exception to the hearsay rule:
This court has long recognized an exception to the hearsay rule allowing admission of the early complaints of rape victims. At times, the court has characterized these as the ‘first complaints of rape victims’ constituting res gestae exceptions to the hearsay rule. See State v. Adams, 394 So.2d 1204 (La.1981); State v. Brown, 302 So.2d 290 (La.1974). In other cases, the court has referred to such statements simply as ‘early complaints of rape victims’ and ruled that they were admissible as such. See State v. Hatcher, 372 So.2d 1024 (La.1979); State v. Elzie, 351 So.2d 1174 (La.1977). When there is no unexplained lapse of time between the rape and the victim’s complaint, and when the utterance is spontaneous, the person to whom the complaint was made is allowed to repeat the complaint in court.
In this case, the victim’s statements were made as soon as she was able to free herself and call Caire after the defendant left. Thus, there was no unexplained lapse of time between the rape and the victim’s complaint and the complaint was spontaneous. Accordingly, I agree with the majority that this assignment lacks merit for these reasons.
ASSIGNMENT OF ERROR #3: Insufficiency of evidence.
The standard used by an appellate court in reviewing the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of every element of the crime charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Brooks, 505 So.2d 714 (La.1987).
In the present case, the defendant was convicted of forcible rape in violation of R.S. 14:42.1. which provides in part:
A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Therefore, as we held in State v. Floyd, 490 So.2d 439, 442 (La.App. 5th Cir.1986):
Accordingly, to prove a charge of forcible rape, the state has the burden of proving that (1) anal or vaginal intercourse occurred; (2) without the lawful consent of the victim; (3) the victim’s resistance is prevented by force or threats of physical violence; and (4) the victim reasonably believes that such re *156 sistance would not prevent the rape. Id. at 442.
In this case, the defendant stipulated that vaginal intercourse occurred. The victim testified that she struggled with an assailant but was unable to escape because the defendant also held a knife to her throat. This evidence, viewed in a light most favorable to the prosecution, supports a finding that the defendant was guilty of forcible rape. Compare State v. Floyd, supra.
The defendant alleges that the sexual contact between he and the victim was consensual. However the victim testified that she did not consent. The jury must have found that the victim’s testimony was more credible than the defendant’s testimony. The victim’s testimony has been held sufficient to establish the elements of the crime. State v. Falls, 508 So.2d 1021 (La.App. 5th Cir.1987); State v. Hawkins, 504 So.2d 1132 (La.App. 5th Cir.1987); State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1347 (La.1984). The assessment of witness credibility is within the realm of the fact-finder and a court should not second-guess the jury's finding beyond the sufficiency evaluation of Jackson, supra. Falls, supra.
The evidence appears sufficient to support the defendant’s conviction for forcible rape.
I also agree with the majority that this assignment lacks merit for the reasons stated.
ASSIGNMENT OF ERROR #4: That the trial court imposed an excessive sentence.
The defendant in this case, was sentenced to eighteen years at hard labor, the first two to be served without benefit of parole, probation or suspension of sentence. This sentence is in the mid range of possible sentences the defendant could have received.[1]
In this case, the defendant entered the apartment of the victim through an unlocked door and, upon her return, he tied her hands behind her back, held a knife to her throat and tied a pillowcase over her head. After raping the victim, the defendant took money from her purse and left. The defendant then enlisted the aid of an ex-girl friend and his brother and presented a defense of consent, accusing the victim of seducing him and falsely charging him with rape. From a survey of the jurisprudence, it appears that the trial court did not impose an excessive sentence in giving the defendant a term of eighteen (18) years, the first two to be served without benefit of probation, parole and suspension of sentence. See State v. Telsee, 425 So.2d 1251, 1255 (La.1983) and the cases cited therein which indicate a range of sentences for forcible rape from ten years at hard labor to twenty-five years at hard labor, with the first two to eight years without parole.
I also agree with the majority that this assignment lacks merit for the reasons stated.
ASSIGNMENT OF ERROR # 5: Also assigned as error are any and all errors patent on the face of the record.
La.C.Cr.P. art. 920 provides: “[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
A review of the record reflects no errors patent on the face of the record. I also agree with the majority that this assignment lacks merit.
Finally, since this case is being remanded for an evidentiary hearing on the Batson challenge, I feel that the defendant’s conviction and sentence should be conditionally affirmed rather than simply affirmed and remanded. I base my reasoning on our ruling in a somewhat analogous case.
In State v. Joseph, 454 So.2d 237 (La.App. 5th Cir.1984) we considered an appeal involving inter alia insufficiency of the evidence as well as a motion to suppress a *157 confession. In Joseph, we remanded the case to the district court for an evidentiary hearing on whether the confession was freely and voluntarily given. In so doing, we held that:
We therefore remand this case to the district court for another [hearing] on the motion to suppress. Because retrial of the motion may eliminate the error here, we do not reverse defendant’s conviction at this time. If the trial court finds that the confession was inadmissible, it must grant defendant a new trial. Otherwise, we reserve to defendant the right to appeal once more any adverse ruling on the motion. In the absence of such an appeal, his conviction and sentence will be affirmed. State v. Kennedy, 438 So.2d 210 [(La.1983).] CONVICTION AND SENTENCE CONDITIONALLY AFFIRMED; CASE REMANDED FOR RETRIAL OF THE MOTION TO SUPPRESS. Joseph, supra at 250.
Similarly, if the trial court finds that the jury was improperly constituted then it must reverse defendant’s conviction. Batson, supra 106 S.Ct. at 1725. Thus, the result would be a new trial since there is sufficient evidence to support the conviction. If the trial judge finds that the jury was not improperly constituted, then the defendant’s right to appeal that adverse ruling should be preserved.