BYRNES, Judge.
By this appeal Gustave Price, defendant/appellant asserts that the trial court erred in granting a judgment of separation a mensa et thoro which found him at fault and his wife, Carol Jean Price, substantially free from fault in the failure of their marriage. We find no error in the trial court’s judgment and affirm.
FACTS
Gustave and Carol Price married in 1961 and lived together until August 30, 1984. On that date Mr. Price returned home one afternoon and found the safety chain secured on the front door. When he peered through the crack in the doorway he allegedly saw a man who lived next door running naked from the bathroom with his clothes in hand. Enraged, Mr. Price kicked down the door and confronted his wife. When Mrs. Price allegedly responded that she and the neighbor, Lennie West, were doing “whatever you think ... ”, Mr. Price physically assaulted his wife knocking her to the floor. Later that day he told his wife to move out of the house. Since that date the couple have lived separately and apart without reconciliation.
On October 26,1984, Mrs. Price filed suit seeking a separation, based on allegations that her husband had beaten her and ordered her from the matrimonial domicile as well as custody of the couple’s minor daughter, child support, alimony pendente lite and use and occupancy of the family home. Subsequently, the trial court granted Mrs. Price custody of the minor child, child support, alimony pendente lite and *486 occupancy of the family home. In June, 1986, Mr. Price filed an answer and recon-ventional demand in which he sought a separation based on the grounds that his wife had been guilty of mental and physical cruelty of such a nature as to render their living together wholly insupportable.
At trial, Mrs. Price testified that Lennie West was in her home when her husband entered but that he was merely using the bathroom prior to going to the grocery store to buy her cigarettes. Mrs. Price stated that she often asked West to buy her cigarettes and denied having any sexual relations with the man. These assertions were corroborated by West’s testimony. Mrs. Price also testified that on the date of their separation her husband beat her about “the face, arm and all over ... ”. She also denied her husband’s allegations that she had physically assaulted him and admitted to having often accused him of infidelity.
Mrs. Price’s mother, Willie Mae Williáms, also testified that moments after the incident of August 30,1984, she arrived at the Price residence and observed that her daughter “... was beaten up so bad, and she was screaming and hollering and she was bloody”. “Her ear looked like it had been hit or twisted, and her face was cut”.
The Price’s daughter, Veronica, testified that she arrived home shortly after the incident of August 30, 1984, and heard her father exclaim that he would kill his wife if she was not taken away by the end of the night. Veronica also stated that she had never seen her mother strike her father.
Mr. Price testified at trial that “I only remember hitting her once and she hit the floor. I was so enraged, it was happening so fast”. He also stated that during a previously argument with his wife over accusations of his unfaithfulness he had pushed his wife causing her to fall and cut her head on the refrigerator. Mr. Price testified that when he left her lying on the floor to take a shower, she got up and tried to stab him with a knife resulting in a superficial wound to his hand. Finally, Mr. Price stated that on several occasions his wife had sworn at him in front of family and friends but that there was “... always a reconciliation afterwards. This [event of August 30, 1984] is the only time it was not”.
At the conclusion of trial, the case was taken under advisement and three days later, judgment was rendered in favor of Mrs. Price finding her husband at fault in the breakup of the marriage. This appeal follows.
ASSIGNMENT OF ERROR NO. 1
By his first assignment of error Mr. Price asserts that the trial court erred in finding his wife substantially free from fault in the breakup of their marriage. We disagree. In his reconventional demand, Mr. Price claimed that his wife was guilty of physical and mental cruelty. In support of the claim of mental cruelty, he alleged that on numerous occasions his wife had cursed and embarrassed him in front of family and friends and had also accused him of extramarital affairs in front of his children and his mother-in-law, knowing these accusations were false. Mr. Price also alleged that his wife had repeatedly told him that she hated him and that she was cruel towards him when she responded “whatever you think is going on” to his question as to what Mr. West was doing in the house on August 30, 1984. Additionally, Mr. Price alleged that his wife was guilty of physical cruelty because she had on several occasions struck him with her hands and household furnishings and had attacked him in the shower with a butcher knife, cutting his hand.
On review, the trial court’s factual conclusions, which are based on the testimony of witnesses whose credibility he must determine, are accorded very substantial weight. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976). Furthermore, on. appellate review of a judgment of separation based on conflicting factual evidence, this court should affirm the finding of the trial judge if there is any evidence in the record to support this conclusion. Id. at 974. In the present case, the trial court weighed the conflicting testimony and found Mrs. Price “substantially” free from *487 fault. Under the circumstances, we will not substitute our judgment for that of the trial court.
At trial, Mrs. Price denied all her husband’s allegations of both physical and mental cruelty with the exception that she admitted to having accused him of infidelity in front of their family. Veronica corroborated her mother’s testimony by testifying that she never heard or saw her mother strike her father nor had she heard her mother tell her father that she hated him. Mr. Price contradicted much of this testimony when he testified in support of his allegations.
Mr. Price was the only witness to testify in support of his claims of physical cruelty. This uncorroborated testimony was contradicted by Mrs. Price as well as by the daughter, Veronica. Accordingly, we find no error in the trial court’s conclusion that Mr. Price did not prove that his wife committed acts of physical cruelty sufficient to support a finding of fault on her part.
Regarding Mr. Price’s claims of mental cruelty, the record reveals that there was conflicting evidence in support of all but one of his allegations. The sole allegation admitted was that Mrs. Price had accused her husband of infidelity in front of family. For such conduct to constitute cruelty under C.C. Art. 138(3) it must be of such a nature as to render living together insupportable. While these accusations may have been a source of marital discord for the Prices, it is our opinion that this conduct was not of such a severe nature as to constitute fault under C.C.Art. 138(3). See Adams v. Adams, 389 So.2d 381 (La.1980). We find this conclusion supported by the fact that Mr. Price continued to cohabitate and have sexual relations with his wife up to the date of separation. See Sanchez v. Sanchez, 490 So.2d 439 (La.App. 5th Cir.1986). Given this conclusion, and the existence of conflicting testimony as to the remaining allegations of mental cruelty, we find the trial court did not err in concluding that Mr. Price failed to prove that his wife’s acts of mental cruelty were of such a nature as to find her at fault in their separation.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
By his last assignment of error, Mr. Price contends that the trial court erred in finding him at fault in the breakup of the marriage. We disagree. Mr. Price testified that on the date of their separation, he “only remembered” striking his wife once and knocking her to the floor. He testified he did so because it appeared that his wife was having sexual relations with another man and when he asked for an explanation, she responded that they had been doing “whatever you think ...”. Mr. Price also stated that he ordered her from the house that day and that no reconciliation had taken place. Mrs. Price testified that she did not have sexual relations with West and that he was at their house using the bathroom prior to running an errand for her. She also testified that her husband beat her all over her body in his rage. Photographs introduced into evidence show signs of battery to Mrs. Price’s head and legs.
In view of this testimony, which established without contradiction that Mr. Price did physically attack his wife and later order her from their home, we conclude that the trial court properly found Mr. Price at fault in the couple’s separation.
In brief, Mr. Price argues that his violent outburst was provoked by his wife’s actions. Even assuming that Mr. Price’s allegations were proven at trial, they would still not provide justification for the commission of a battery upon his wife or undermine the trial court’s ultimate conclusion that he was at fault.
This assignment of error is without merit.
For the foregoing reasons, judgment of the trial court is affirmed. Costs of the appeal are assessed to the appellant.
AFFIRMED.